# APRIL TERM, 1896.

CITY OF LANSING *v.* LANSING CITY ELECTRIC RAILWAY CO.

1. STREET RAILWAYS—CITY ORDINANCE—PAVING BETWEEN TRACKS.
   A street-railway company which acquires the right to use the streets of a city under an ordinance providing that such company, in constructing its tracks along any streets or avenues that are paved, shall pave between said tracks with the same material as that adjoining them, and that, if the city shall pave any street occupied by such company, the company shall contemporaneously pave within its tracks with the same material, is bound, on a change by the city in the material used in the pavement of a street, on request of the city authorities, to pave between its tracks with the new material used in the street adjoining them.

2. SAME—MANDAMUS.
   *Mandamus* will lie to compel a street-railway company to comply with an order of the common council to repave the street between its tracks as required by the ordinance under which it received its franchise.

*Certiorari* to Ingham; Person, J. Submitted January 10, 1896. Decided April 21, 1896.

*Mandamus* by the city of Lansing to compel the Lansing City Electric Railway Company to pave with brick between its tracks. From an order granting the writ, respondent brings *certiorari*. Affirmed.

*Russell C. Ostrander*, City Attorney, for relator.

*Jay P. Lee*, for respondent.

LONG, C. J. In June, 1895, a petition was filed in the Ingham circuit asking an order against the respondent

to show cause why *mandamus* should not issue requiring it to pave with brick that part of Washington avenue, in the city of Lansing, from Kalamazoo street south to the bridge across Grand river, lying between the rails of its track, and on each side of its track, to the end of its ties. In answer to an order to show cause the respondent made return, and on the hearing in the circuit court that court determined that the respondent should pave with brick such portions of the street between its tracks, and denied the *mandamus* to compel it to pave that portion outside its tracks. The case comes to this court by writ of *certiorari* upon behalf of the respondent. The errors claimed are—

1. That *mandamus* is not the proper remedy.

2. In ordering the *mandamus* to issue to compel the paving between the tracks.

It appears that prior to the organization of the respondent company the Lansing City Railway Company was organized, and obtained certain privileges and franchises from the city of Lansing, in 1886, under Ordinance No. 61 of the Public Ordinances of said city. Under this ordinance the company had the right to construct, maintain, and operate a street railway by electricity. The respondent is the successor of that company, having obtained all its rights, privileges, and franchises, and is operating by electricity its railroad within the city of Lansing.

Section 12 of Ordinance No. 61 provides:

"The common council hereby reserves the right to make such further rules, orders, and regulations as may from time to time be deemed necessary to protect the interests, safety, welfare, or accommodation of the public in relation to said railway, not inconsistent with the provisions of this ordinance."

Section 15 provides:

"Said railway company, in constructing its tracks along any streets or avenues that are paved, shall pave between said tracks with the same material as that adjoining said

tracks.   If the city shall provide for the paving or grading
of any street or repairing of any of the bridges occupied by
said company, the said company shall contemporaneously
with the paving or grading of streets or repairing of
bridges, at its own expense, pave, grade, or repair within
said railway company's track with the same material, or
with material and in a manner satisfactory to the common
council, and at all times keep or cause to be kept such
pavement or bridge planking within said track in good
repair."

When the Lansing City Railway Company's tracks
were first constructed along Washington avenue, said
avenue was paved with cedar blocks between Kalamazoo
street and the bridge crossing Grand river.   The com-
pany used the same material between its rails along
Washington avenue, between these points.   In 1892 the
Lansing City Railway Company passed into the hands of
a receiver, and, while the road was under his control,
permission was granted him to lay T rails upon all its
lines in the city, upon condition that the company pave
between its rails under the supervision of the city engineer,
and subject to approval.   That permission from the coun-
cil reads as follows:

"*Resolved*, by the common council of the city of Lan-
sing, February 19, 1892, that the street railway company
be and are hereby permitted to lay a T rail on their
lines within the city limits: *Provided*, they pave to the
rail, so as not to interfere with the carriage, wagon, or
sleigh traffic of the city, and to be under the supervision
of the city engineer, and subject to approval."

The respondent began the relaying of its entire line,
using the T rail, and, though remonstrated with by the
council, it laid cobblestones between its rails on that por-
tion of the street here in controversy.   On July 30, 1894,
a resolution was passed by the common council as follows:

"*Resolved* by the common council of the city of Lan-
sing that, whereas, it has been deemed a necessity by
this council that Washington avenue south should be
paved with brick from the north side of Kalamazoo street

south to Grand river; and whereas, the franchise of the Lansing City Railway provides that they shall contemporaneously with the paving of any street, at their own expense, pave with the same material all that portion of said street that lies between their tracks and so far on either side as may be disturbed by the laying or relaying of their ties: Therefore, be it *resolved* that the mayor and city clerk notify the officers of the Lansing City Railway in writing that they are hereby required to pave that portion of said Washington avenue that should be paved by them under their franchise, at the same time and with the same material that the balance of the street is to be paved with."

Notice of this resolution was served upon the railway company. The company refused to pave within its tracks with brick.

Upon the hearing of the case in the court below, it was contended by counsel for the respondent that the ordinance above quoted contains no provision for repaving the street, and that, under the terms of the ordinance, it is required only, in laying its track in any street which is paved, to pave, when the track is laid, with the same material as that upon the street, and thereafter to keep such pavement in repair; that if the track is laid in a street which is not paved, and the city afterwards paves that street, then, by the terms of the ordinance, it is required to pave with the same material that the city uses, and at the same time, and after that to keep the street used by the roadbed in repair; that under no circumstances is it bound to repave any portion of the street, except by way of repair merely, and in such repairing it is not required to lay or use other material than that which had before been used by it in paving between the tracks. The circuit judge did not agree with counsel in this contention, but held that the company was bound to repave with the same material that the city used.

We think the court below was correct in this interpretation of section 15 of the ordinance. The Lansing City Railway Company obtained all its rights to lay its tracks

upon the streets of the city of Lansing under and by virtue of Ordinance No. 61, and, by the terms of section 15 of that ordinance, it is bound, whenever the city shall lay a pavement, either originally or in repaving, to lay a pavement of similar material within the lines of its rails, when the common council shall so determine. This section could not be so construed as to permit the company, when it has once paved within its tracks, to continue that character of pavement for all time, whatever pavement the city might conclude to lay upon the street outside the rails. We think the ordinance was intended to require the railway company to pave or repave between its tracks with a substance of like character as the city might use in paving outside the tracks, whether the city was paving a street for the first time or was repaving it.

The company, for the purpose of operating its road by electricity, asked to have the right to lay a T rail. This permission was given upon condition that the company pave between its tracks under the supervision of the city engineer, and subject to approval. The city council undoubtedly had in mind the terms of section 15 of Ordinance No. 61, and that by its terms the respondent would be compelled to relay its pavements with like material as the city might use when it paved or repaved a street. This is the plain intent of section 15, and the respondent is bound to comply with its terms.

The point that *mandamus* is not the proper remedy has no force. It was the plain duty of the railway company, when ordered by the council to repave with brick between its tracks, to comply with the resolution. *City of Detroit* v. *Ft. Wayne, etc., R. Co.,* 95 Mich. 456.

The order made by the court below, directing the performance of this duty by respondent, must be affirmed.

The other Justices concurred.