The Mayor, Aldermen and Commonalty of the City of New York, Respondent, *v.* The Harlem Bridge, Morrisania and Fordham Railway Company, Appellant.

1. Street Surface Railroads — Provision of Statute, Incorporating Street Surface Railroad Company, to Keep Pavement Between Its Tracks in Good Repair — When Applicable to Extension of Railroad Constructed under Subsequent Statute. Where a street surface railroad company was incorporated to build and operate a street surface railroad in and upon streets now within the city of New York under a special statute (L. 1863, ch. 361), to which was added, by a subsequent amendment (L. 1871, ch. 658), a provision requiring the company and its successors to "keep the surface of the street inside its rails and for one foot outside thereof in good and proper order and repair," and the company extended its lines over roads and streets, not named in its charter, under the authority of a subsequent act (L. 1874, ch. 553), amending the original act of incorporation, the company is compelled, upon the requirement of the authorities of the city, to lay a new granite block pavement between and for one foot outside the rails of its tracks to conform with a new granite pavement laid by the city in the streets in which the extended lines are situated, although the statute authorizing the extension is silent upon the subject of repairs or repaving, since the authority to construct such extension was subject to the obligations contained in the original act of incorporation as amended.

2. Same — Obligation of Street Surface Railroad Company to Lay New Pavement Between Its Tracks at Demand of Municipality. Where the statute under which a street surface railroad company was incorporated contains a provision requiring the company to "keep the surface of the street inside the rails and for one foot outside thereof in good and proper order and repair," the question of what shall constitute keeping the pavement in good order and repair should be determined, somewhat at least, with reference to existing and surrounding conditions; and where a municipality has for sufficient reason decided to pave a street with a new and better pavement, it is the duty of the railroad company to co-operate with the city and put its part of the street in the same condition as the remainder thereof, even though that necessitates the laying of a new pavement as distinguished from repairing an old one.

*Mayor, etc., of New York* v. *H. B., M. & F. Ry. Co.*, 100 App. Div. 257, affirmed.

(Argued October 8, 1906; decided November 13, 1906.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered Janu-

ary 17, 1905, reversing a judgment in favor of defendant entered upon a verdict directed by the court and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles F. Brown, Joseph P. Cotton, Jr.,* and *Henry A. Robinson* for appellant. The only obligation relating to the care of the streets which rests upon the appellant is that contained in the amended section 3 of the act of 1871 providing that the said grantees or their successors " shall keep the surface of the street inside the rails and for one foot outside thereof in good and proper order and repair." The words " keep in good and proper order and repair " do not include any obligation to pave, particularly not such paving as amounts to a reconstruction of the street surface. (*Cushing* v. *Worrick,* 9 Gray, 382; *Mayor, etc.,* v. *E. A. R. R. Co.,* 7 App. Div. 84; *Mayor, etc.,* v. *R. R. Co.,* 46 N. Y. S. R. 349; *Weed* v. *Common Council,* 26 Misc. Rep. 288; *Matter of Fulton St.,* 29 How. Pr. 429; *Gilmore* v. *City of Utica,* 121 N. Y. 561; *City of Binghamton* v. *Ry. Co.,* 61 Hun, 485; *Binninger* v. *City of New York,* 177 N. Y. 199; *City of Chicago* v. *Sheldon,* 9 Wall. 50; *State* v. *Mayor, etc.,* 50 Atl. Rep. 620.)

*John J. Delany, Corporation Counsel* (*Theodore Connoly* and *Terence Farley* of counsel), for respondent. Section 3 of chapter 658 of the Laws of 1871 did not repeal chapter 815 of the Laws of 1866. (*Hankins* v. *Mayor, etc.,* 64 N. Y. 18.) The defendant is not only under an obligation to keep the space inside its rails and for one foot outside thereof in good and proper order and repair, but it is also compelled to contribute to the expense of a new pavement. (*Binghamton* v. *B. & P. D. R. R. Co.,* 61 Hun, 479; *Conway* v. *City of Rochester,* 157 N. Y. 33; *City of Rochester* v. *R. R. Co.,* 182 N. Y. 99; *Doyle* v. *City of New York,* 58 App. Div. 588; *Village of Mechanicville* v. *S. & M. S. R. Co.,* 35

20

Misc. Rep. 513; 174 N. Y. 507; *District of Columbia* v. *W.
& G. R. R. Co.*, 1 Mackey [D. C.], 361; *District of Columbia* v. *Metro. R. R. Co.*, 4 Mackey [D. C.], 214; 8 App. Cas.
[D. C.] 322; *State of Florida ex rel.* v. *J. S. R. R.*, 29 Fla.
590; *Atlanta* v. *G. C. S. R. R. Co.*, 80 Ga. 276.)

HISCOCK, J. This action was brought to recover the value
of granite block pavement laid between and for one foot out-
side the rails of defendant's tracks in 138th street, New York,
at the same time that the rest of said street was being paved
with said material, the defendant having failed to so pave its
tracks in accordance with the demand of the plaintiff.

The learned Appellate Division, in reversing the determina-
tion of the trial court, held that the defendant was under
obligation to lay a trap rock pavement in the place specified
by virtue of a condition contained in the permit granted by
the municipal authorities to lay its tracks in said street, and
that by virtue of such liability the plaintiff was entitled to
recover upon the entire cost of laying the granite block pave-
ment what it would have cost the defendant to lay a trap rock
pavement.

We agree with the Appellate Division that it was error to
direct a verdict in favor of the defendant and that a new trial
was properly granted, but upon somewhat different grounds
than were adopted by that learned court.

The defendant was incorporated under chapter 361 of the
Laws of 1863. Chapter 553 of the Laws of 1874, by amend-
ment to section 8 of the original act of incorporation, author-
ized the defendant to lay its tracks in the street in question.

Chapter 658 of the Laws of 1871 amended section 3 of the
original statute of incorporation so as to read as follows:

"§ 3. * * * the said grantees or their successors shall
keep the surface of the street inside the rails and for one foot
outside thereof, in good and proper order and repair, and con-
form the tracks to the grades of the streets or avenues as they
now are or may hereafter be changed by the authorities of
the aforesaid towns."

The amendatory statute permitting it to construct its tracks in the street in question contained no provision upon the subject of repairs or repaving, from which it is argued that the defendant is exempt as to such extension from the obligations contained in the provisions of the original act, as amended, upon that subject. We do not, however, agree with this contention, but think it very clear that when defendant was authorized to construct the extension in question by an amendment of a section of the original act such extension was subject to the obligations contained in such original act as amended.

In 1888–9 the municipal authorities of New York took proper proceedings and entered into a contract for paving the street where defendant's tracks lay with granite block pavement. Prior to that time there had been no complete or actual pavement of the street in any manner, but the same was substantially a dirt road. In some places a species of incomplete macadam had been laid, but only to the extent of filling up uneven spots in the road, and at the time in question the evidence shows quite conclusively that the street, and especially between the tracks of defendant's road, was soft and uneven and not in good repair or in good order.

The municipality served upon defendant a proper notice requiring it to pave, basing such notice and its complaint herein upon the obligations contained in section 3 of the statute incorporating it, as amended by the act of 1871, heretofore referred to, and the specific question, therefore, presented is whether the obligation resting upon the defendant to keep the space inside and outside its rails "in good and proper order and repair," etc., compelled it, under the circumstances, upon the requirement of the city, to lay a granite block pavement, and this question we have concluded to answer in the affirmative.

While it may be admitted that the decisions and authorities are not uniform, either within this state or outside of it, upon the question whether such an obligation requires a railroad company to lay a new pavement, as distinguished from merely

repairing an old one, we think that the controlling, ones in this state decide such proposition in the affirmative.

In *Conway* v. *City of Rochester* (157 N. Y. 33) the question was directly involved whether the Rochester Railway Company could be compelled to repave its tracks with asphalt in connection with the repaving of the remainder of the street with that material under the direction of the municipal authorities, there previously having been there a macadam or entirely different kind of pavement. The obligation so to do in that case rested, if at all, upon the provisions of section 98 of the Railroad Law (Laws 1890, chap. 565, as amended) imposing upon every street surface railroad company operating its tracks in a city or village street to "have and keep in permanent repair that portion of such street, avenue or public place between its tracks, the rails of its tracks, and two feet in width outside of its tracks, under the supervision of the proper local authorities, and whenever required by them to do so, and in such manner as they may prescribe." It was held that this obligation, under the circumstances stated, did require the railroad company to repave with an entirely new material. The court say (page 39): "The local authorities may determine when and how the street shall be repaired, but when that is done the statute steps in and says the railroad company is to do the work. * * * Our examination of the statute then leads to the conclusion that under section 98 of the Railroad Act it became and was the duty of the Rochester Railway Company to keep in permanent repair such portion of the street through which it passed as was within its tracks, and two feet in width outside, and that the local authorities of that city were vested with the authority of determining when the repairs should be made, and thus empowered, the local authorities did determine that repairs should be made and the character of them. They decided that the entire street should be repaved and that the material to be used should be asphalt. This they had the right to do, and when this determination was made the statute intervened and commanded that the Rochester Railway Company should make

the repairs thus ordered under the supervision of the local authorities."

We regard the obligations imposed upon the defendant in this case quite as broad as those which were outlined in the statute last referred to. In the place of a requirement "to have and keep in permanent repair  *  *  *  under the supervision of the proper local authorities, and whenever required by them to do so," we have the provision compelling the defendant here to keep " in good and proper order and repair and conform the tracks," etc. While this statute does not itself specify, as in the case of the Railroad Law, that this shall be done under the supervision of the municipal authorities and in accordance with their specifications, that necessarily follows from the general duties and powers conferred upon such authorities by law. Therefore, when the proper authorities, in view of the condition of the street as shown to exist, decided that a granite block pavement should be laid, we think that the requirement for repairing and keeping in good order compelled the defendant to co-operate with the city and put the space between its rails in the same condition as the rest of the street, even though that necessitated the laying of a new pavement.

It has been held elsewhere by this court that an obligation, couched in substantially similar language resting upon a railroad company, will compel it under proper conditions to lay a new kind of pavement. In *Village of Mechanicville* v. *Stillwater & M. St. Ry. Co.* (35 Misc. Rep. 513 ; affirmed, 174 N. Y. 507) it was held that a provision in defendant's franchise containing a requirement that the space between the rails, etc., should be paved by the railroad company with " small stone" and " that the same should at all times be kept in good condition," authorized the village to compel the railroad company to repave with vitrified paving brick, and in *Binninger* v. *City of New York* (177 N. Y. 199, 212–214) the discussion extended to the subject of laying new pavements as distinguished from merely repairing old ones under obligations such as we have been discussing, and the views in such discus-

sion expressed by the majority of the court confirm the decisions already cited.

We, therefore, regard it as settled by controlling authority in this state that the plaintiff was entitled to require of the defendant to lay in its tracks granite pavement, and we find no difficulty in following such adjudication. The question of what shall constitute keeping a pavement in the tracks of a railroad company in good order and repair is to be determined somewhat at least by reference to existing and surrounding conditions, and in our judgment it would be altogether too narrow a view to hold that where a municipality had for sufficient reason decided to pave a street with asphalt or other new pavement a railroad might discharge its obligations to keep its part of the street in good order and repair by merely patching up a dirt road or some species of pavement which had become antiquated and out of condition and which was entirely different from that adopted in the remainder of the street.

These views render it unnecessary for us to consider or accept the somewhat narrower view of a special contract upon which the Appellate Division placed its decision of reversal.

The order should be affirmed and judgment absolute ordered against defendant on the stipulation, with costs in all courts.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN and CHASE, JJ., concur; GRAY, J., absent.

Order affirmed, etc.