## COLUMBUS STREET RAILWAY & LIGHT COMPANY *v.* CITY OF COLUMBUS.

[No. 6,568. Filed November 24, 1908. Rehearing denied February 2, 1909.]

1. MUNICIPAL CORPORATIONS.—*Streets.—Contracts to Repair.—Paving.—Street Railroads.*—A mere contract by a street railroad company to "repair" the parts of the streets between its tracks and extending two feet outside thereof does not include the "paving" of such streets anew. p. 267.

2. MUNICIPAL CORPORATIONS.—*Street Railroads.—Paving Between Tracks.—Contracts.*—An ordinance accepted by a street railroad company providing that the portion of the streets "between the tracks and on the outside thereof to the limit of two feet shall be kept in as good repair and condition, considering the nature of the use, as other parts of said streets are kept by said city," requires that such parts shall be kept in the same condition in which the other portions are kept by such city. p. 268.

3. WORDS AND PHRASES.— *"Good Repair."— Streets.—Cities.*—The words "good repair," as applied to the keeping of streets, do not necessarily import "good condition." p. 268.

4. CONTRACTS.— *Words.— Presumption.— Street Railroads.—Cities.*—In a contract requiring a street railroad company to keep a certain part of the streets in as "good repair and condition" as the city keeps the other parts thereof, the presumption is that the word "condition" was used advisedly and does not import the same as "repair." p. 268.

5. MUNICIPAL CORPORATIONS.— *Franchises.— Construction.— Street Railroads.*—Franchises granted by a city to a street railroad company are construed most strongly against the company, all doubts being resolved in favor of the city. p. 268.

6. MUNICIPAL CORPORATIONS.—*Street Railroads.—Refusal to Pave.—Liability.*—A street railroad company which refuses to fulfill its contract to do certain paving, is liable to the city which does such paving. p. 268.

From Bartholomew Circuit Court; *Marshall Hacker*, Judge.

Action by the City of Columbus against the Columbus Street Railway & Light Company. From a judgment for plaintiff, defendant appeals. *Affirmed*.

*Francis T. Hord* and *James F. Cox*, for appellant.
*C. S. Baker* and *C. B. Cooper*, for appellee.

ROBY, J.—The question for decision is whether appellee can recover from appellant the expense incurred by it in paving a part of Washington street between Third and Eleventh streets in the city of Columbus. Its right to do so is grounded upon an ordinance duly enacted by it, accepted by the person for whose benefit it was made, and assigned by him to appellant, who assumed all duty and obligation imposed by said ordinance, which is in terms as follows:

"Street-railway Ordinance.

Section 1. Be it ordained by the mayor and common council of the city of Columbus, in the county of Bartholomew and State of Indiana, that John S. Crump, his successors and assigns, are hereby empowered and duly authorized to locate, construct, maintain and operate upon, over, along and across Washington street, Eleventh street, Thirteenth street, Fourteenth street, Mechanic street, Pearl street, Sycamore street, Sixteenth street, Chestnut street, and Third street and across each and all streets and alleys intersecting and crossing the first named ten streets in said city and further extensions after the completion thereof, a street railroad or railroads, single or double track, with necessary turnouts and turntables, and with cars to be drawn or propelled by horse, mule, electric, cable or other motive power as at present used or employed by street railroads. Said road shall be constructed and equipped in a substantial manner with first class material and operated daily on schedule time, and the fare for each passage within the corporate limits of said city shall not exceed five cents.

Section 2. That said John S. Crump, his successors and assigns, shall construct and maintain said railroad

NOVEMBER TERM, 1908. 267

Columbus St. R., etc., Co. v. City of Columbus—43 Ind. App. 265.

or railroads, switches, sidings, turnouts and turntables upon, over, along and across said streets named in section one of this ordinance as not unnecessarily to interfere with the free use thereof, and that the portion between the tracks and on the outside thereof to the limit of two feet shall be kept in as good repair and condition, considering the nature of the use, as other parts of said streets are kept by said city.

Section 3. That this ordinance shall be in full force and shall take effect from and after its passage, provided always, that if said road is not completed within one hundred twenty days from the taking effect of this ordinance, then this ordinance shall be void and of no effect.

Ordained by the common council of the city of Columbus, Indiana, this 29th day of May, 1890.

Daniel Crow, Clerk.                    W. W. Stader, Mayor."

The right so to recover depends upon the meaning of the latter part of section two, which reads as follows:

"And that the portion between the tracks and on the outside thereof to the limit of two feet shall be kept in as good repair and condition, considering the nature of the use, as other parts of said streets are kept by said city."

When the ordinance was enacted Washington street was graded and graveled. Subsequently to the assignment to appellant it was paved between Third and Eleventh streets. Appellant refused to pave any part of the same or to pay for paving, and so notified the appellee.

If the contract—the ordinance becoming a contract upon its acceptance—merely stipulates for the repair of the street, as counsel for appellant assume in argument, then

1. the obligation to pave was not created and the city cannot recover. *Western Pav., etc., Co.* v. *Citizens St. R. Co.* (1891), 128 Ind. 525, 533, 10 L. R. A. 770, 25 Am. St. 462; *State, ex rel.,* v. *Corrigan, etc., St. R. Co.* (1884), 85 Mo. 263, 55 Am. Rep. 361; *Hurley* v. *Trenton* (1901), 66 N. J. L. 538, 49 Atl. 518; *In re Repaving Fulton St.* (1865), 29 How. Pr. 429; *City of Williamsport* v. *Williamsport, etc., Railway* (1902), 203 Pa. St. 1, 52 Atl. 51. The

agreement is not only to keep that portion of the street designated in good repair, but also to keep it in as good condition as other parts of the street are kept by the city. The words "good repair" do not necessarily mean good condition. A dirt road might be in good repair and yet be in poor condition to bear the increased traffic of a modern city. The presumption is that the word "condition" meant something, and it must be regarded. The purpose for which streets are established and improved is well known, and the parties must be considered as contracting in view of such purpose. The part of the street described in the contract might be in good repair as a graveled street, and yet come very far from being in as good condition as the rest of the street is kept by the city. It must also be remembered "that such charter is to be strictly construed against the railway company, and that it has no doubtful rights under the charter, for where there are doubts they are construed against the grantee and in favor of the city." *Western Pav., etc., Co.* v. *Citizens St. R. Co., supra.*

The contract, therefore, required that the space designated be paved by the railway company when it is necessary to do so in order to keep the same in as good condition as the rest of the street is kept by the city. *State, ex rel.,* v. *Jacksonville St. R. Co.* (1892), 29 Fla. 590, 10 South. 590; *Mayor, etc.,* v. *Harlem Bridge, etc., R. Co.* (1906), 186 N. Y. 304, 78 N. E. 1072. When it is determined that a paved street may be in better condition for travel than an unpaved one, further discussion is foreclosed by the agreement which the parties have themselves made and the averments contained in the complaint. Having refused to comply with its contract engagement, the appellant became liable to appellee for damages so caused, and its demurrers were correctly overruled.

Judgment affirmed.