# INDIANAPOLIS & EASTERN RAILWAY COMPANY *v.* TOWN OF NEW CASTLE.

[No. 6,346.   Filed April 6, 1909.]

1. MUNICIPAL CORPORATIONS.—*Ordinances.—Amendments.—Implied Repeal.—Railroads.—Interurban.*—Where a town passed an ordinance granting a franchise to an interurban railroad company, and subsequently enacted an amended ordinance covering every section of the original ordinance, making some minor changes therein, such subsequent ordinance impliedly repealed the original. p. 471.

2. MUNICIPAL CORPORATIONS.— *Ordinances.— Franchises.— Acceptance.—Contracts.*—The acceptance of a town ordinance granting a franchise constitutes a contract between the town and the party accepting. p. 472.

468 . APPELLATE COURT OF INDIANA,

Indianapolis, etc., R. Co. *v.* Town of New Castle—43 Ind. App. 467.

3. CONTRACTS.—*Railroads.*—*Paving Between Tracks.*—A contract by a railroad company to keep the street between its tracks in repair does not require the making anew of the street between such tracks. p. 472.

4. MUNICIPAL CORPORATIONS.—*Contracts.*—*Railroads.*—*Paving Between Tracks.*—To render a railroad company liable to pave between its tracks in a street, there must be a contract therefor. p. 473.

5. CONTRACTS.— *Change.*— *Consideration.*— A contract cannot be changed by the parties without a new and valid consideration for such change. p. 473.

6. MUNICIPAL CORPORATIONS.—*Ordinances.*—*Amendments.*—*Consideration.*—Where an amended ordinance, supplanting a former one, imposes additional burdens, a valid consideration is shown. p. 473.

7. MUNICIPAL CORPORATIONS.—*Ordinances.*—*Amendments.*—*Consideration.*—*Contracts.*—Where an amended ordinance, supplanting a former one, imposes only such additional burdens as the municipality had a right to impose, regardless of contract, such burdens will not constitute a legal consideration to support the amended ordinance. pp. 473, 474.

8. CONTRACTS.—*Consideration.*—*Performance of Legal Duty.*—The performance of a legal duty alone does not constitute a consideration sufficient to support a contract. p. 474.

9. MUNICIPAL CORPORATIONS.— *Contracts.*— *Amendments.*— *Consideration.*—*Railroads.*—Where an amended ordinance imposed the additional burdens on an interurban railroad company requiring it to carry children under six years of age free, and to submit to the council certain matters relating to the erection of poles and the laying of its tracks, a consideration is shown. p. 474.

10. CONTRACTS.—*Consideration.*—*Inadequacy.*—*Receipt of.*—*Fraud.* —Where a party has received the consideration contracted for, he cannot object to the contract because of failure or inadequacy of such consideration, no fraud being shown. p. 475.

11. CONTRACTS.—*Consideration.*—*Adequacy.*—The adequacy of the consideration for a contract will not be inquired into by the courts. p. 475.

From Henry Circuit Court; *John M. Morris,* Judge.

Action by the Town of New Castle against the Indianapolis & Eastern Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*William A. Brown, W. H. Latta, J. P. Walker, Arthur C. Van Duyn, Edward W. Felt* and *Elmer J. Binford,* for appellant.

*Beach & Mikels,* for appellee.

HADLEY, J.—This was an action instituted by appellee in the Henry Circuit Court for the recovery of the cost of paving that portion of a street lying between the ends of the ties of appellant's track. The complaint is in one paragraph, and proceeds upon the theory that appellant is liable for the cost of said improvement by virtue of the franchise granted to appellant by the board of trustees of said town on November 13, 1902, whereby appellant agreed that, in case any street occupied by said appellant was improved by graveling or paving, it would pay the cost of such improvement of that portion of such street lying between the ends of the ties of its track.

The complaint sets out in full the ordinance granting the franchise. It also shows that the street was ordered to be and was improved by paving, under the statutes of the State enacted for such purposes, that a demand was made on appellant to pay the same, and it refused to do so. A demurrer was filed to this complaint, which was overruled, and appellant answered by setting up the ordinance set out in the complaint, and then averring that on April 8, 1903, appellee, through its board of trustees, amended said ordinance by another which eliminated the contract to improve the streets, contained in the first ordinance, and which formed the basis of appellee's suit. Said answer also shows that, subsequently to the enactment of said original ordinance, appellant laid and temporarily constructed its tracks for the operation of a system of street-railway in the street afterwards improved; that said amended ordinance was passed prior to the commencement of such improvement; that said amended ordinance repealed and rendered ineffective said original ordinance, and, at the time said street was so improved, there was no agreement on the part of appellant to pay for any portion thereof. To this answer appellee filed a demurrer which was sustained, and appellant refusing to plead further, judgment was rendered in

favor of appellee and against appellant. From this judgment appellant appeals.

The only error assigned and discussed is the sustaining of appellee's demurrer to appellant's answer.

The record shows that said original ordinance consisted of fourteen sections. It provided numerous restrictions upon the railway, as well as granting it a number of powers and rights. The amendatory ordinance is in nineteen sections, and reincorporates within its provisions the greater portion of the provisions of the original ordinance, and adds other restrictions and rights. The title of the amendatory ordinance is as follows:

> "An ordinance amending sections of an ordinance entitled 'An ordinance granting the Indianapolis & Eastern Railway Company the right to construct, maintain and operate a street-railway upon the streets of the town of New Castle, Indiana,' passed and adopted by the board of trustees of the town of New Castle, Indiana, on November 13, 1902."

The first section of said ordinance is as follows:

> "Section 1. Be it ordained by the board of trustees of the town of New Castle, Henry county, Indiana, that an ordinance entitled 'An ordinance granting the Indianapolis & Eastern Railway Company the right to construct, maintain and operate a street-railway upon the streets of the town of New Castle, Indiana,' passed and adopted by said board of trustees on November 13, 1902, be and the same is hereby amended to read as follows, to wit: An ordinance authorizing the construction, maintenance and operation of a street- and interurban railway in the town of New Castle, Henry county, Indiana. Section 1. Be it ordained by the board of trustees of the town of New Castle, Henry county, Indiana, that consent, permission and authority be and are hereby given and granted unto Indianapolis & Eastern Railway Company, its successors and assigns, to locate, survey, construct, own, maintain and operate a single or double track standard gauge street- and interurban railway with the necessary side-tracks, switches, turnouts, and turntables, etc."

Then follows the language of the original section.

No section of the original ordinance, as an entirety, is left out of the amendatory ordinance. A portion of each section, or the section as a whole, is reincorporated in

1. the amendatory ordinance. The contract upon which this action is based is found in section three of the original ordinance. This section provides, in addition to such provision, that appellant may take up or alter any track or lay any track in any other street, as it may from time to time determine, but shall put the vacated street in as good condition for travel as it was before said track was taken up, and shall put the street in as good condition where the track is laid as it was before such track was laid; that it shall keep all that portion of the street lying between the ends of its ties in good repair. By section five of the amendatory ordinance these provisions are reënacted, with the further provision that said railroad shall keep and maintain the track in such a condition that the rails and ties of said track will not interfere with public travel more than is reasonably necessary to operate said railroad, and will not interfere with vehicles crossing over or driving upon said tracks. The substantial difference between said section three and said section five is that in section three there is an agreement to pay for the improvement of that portion of the street lying between the ends of the ties of appellant's track when the city shall improve such street, while in said section five no such agreement appears, and this agreement is not reënacted in any other section of the amendatory ordinance. It thus is made clearly to appear that the new ordinance was intended to supersede the old and embrace the entire regulations on the subject; the language of the first section being that the original ordinance "shall be amended to read as follows," clearly indicating that the amendments were intended to apply to the ordinance as a whole. Every subject in the original ordinance is covered by the amendatory ordinance, unless the improvement of streets, which is in-

472      APPELLATE COURT OF INDIANA,

Indianapolis, etc., R. Co. v. Town of New Castle—43 Ind. App. 467.

cluded in a section for the repair of streets, should be called a subject. But the fact that all the other matters connected with this provision are specifically reënacted would clearly indicate that it was the intention of the parties to eliminate the contract for the payment of improvements. And while there is no provision in the amendatory ordinance that specifically declares that it shall stand as the only ordinance, or that specifically repeals any other ordinance, yet, under the well-settled rule, that where it clearly appears that the new ordinance was intended to replace the old and embraces the entire regulation on the subject, it must be construed as a repeal of the former ordinance on the same subject. 1 Smith, Mun. Corp., §545; *Booth* v. *Town of Carthage* (1873); 67 Ill. 102; *City of Providence* v. *Union R. Co.* (1879), 12 R. I. 473; *Knight* v. *Town of West Union* (1898), 45 W. Va. 194, 32 S. E. 163; *People, ex rel.,* v. *Harrison* (1900), 185 Ill. 307, 56 N. E. 1120. It must be held that the second ordinance upon its passage extinguished the first, and became the existing contract between the parties.

Appellee in its brief does not confidently contend against this position, but concedes that the amended ordinance is a reënactment of the original ordinance after certain valuable rights vested in the town had been eliminated. Appellee does contend, however, that the second ordinance is invalid, for the reason that it is not based upon a valuable consideration, and to this point counsel for appellee have directed an earnest and able argument. It is established in this State that an ordinance granting a franchise like the one before us, when accepted, is a contract between the parties (*Western Pav., etc., Co.* v. *Citizens St. R. Co.* [1891], 128 Ind. 525, 10 L. R. A. 770, 25 Am. St. 462); that an agreement on the part of a railroad company, in such a franchise, to keep the street between its tracks in repair is not an agreement to improve (*Western Pav., etc., Co.* v. *Citizens St. R. Co.*,

*supra; Columbus St. R., etc., Co.* v. *City of Columbus* [1909], *ante*, 265, and cases cited). To render the street-railway liable for the improvement of a street there

4. must be an express stipulation in the franchise to that effect. *Western Pav., etc., Co.* v. *Citizens St. R. Co., supra; Columbus St. R., etc., Co.* v. *City of Columbus, supra.*

It is also true that a contract fairly entered into and

5. acted upon cannot be changed or modified to the advantage of one of the parties thereto and to the disadvantage of the other party without a new and valid consideration for the change or modification. *Pope* v. *Vajen* (1839), 121 Ind. 317, 6 L. R. A. 688; *Fitzgerald* v. *Smith* (1848), 1 Ind. *310.

There is no direct averment in the answer that said amendatory ordinance was based upon any valuable consideration.

We must therefore look to the ordinance itself to de-

6. termine whether by its terms it expresses a valid consideration for its enactment. If it imposed any new burdens upon the railroad company that were contractual in their nature, then it must be held to have been upon a valid consideration; it being the rule, as stated in *Helvie* v. *McKain* (1904), 32 Ind. App. 507, and quoted with approval in *Druckamiller* v. *Coy* (1908), 42 Ind. App. 50, that "the doing of an act by one, at the request of another, which may be a detriment or inconvenience, however slight, to the party doing it, or may be a benefit, however slight, to the party at whose request it is performed, is a legal consideration for a promise by such requesting party."

It is insisted by appellee that while the amendatory ordinance contains some new provisions, regulations and restrictions upon appellant, they were only such provisions

7. and restrictions as the appellee might at any time impose by ordinance, in the absence of any contract, under the police power and under the general right of control of its streets, and that the doing, or agreement to do, that

474      APPELLATE COURT OF INDIANA,

Indianapolis, etc., R. Co. *v.* Town of New Castle—43 Ind. App. 467.

which one is legally bound to do does not afford a
8. consideration upon which to base a contract. Appellee's contention in this respect is correct in principle. *Pope* v. *Vajen, supra.*

The incorporation of provisions in the amendatory franchise that the town might at any time thereafter impose, in the absence of any contract therefor, regulations, such
7. as regulating the speed of trains, keeping the crossings clear of obstructions, and the like, would not be a valid consideration for the release from burdens, such as the improvement of the streets or other contractual obligations. And if it is true, as appellee contends, that the amendatory ordinance does not impose any burdens other than the kind before designated, then it cannot be said that it rests upon a valid consideration.

A close examination of the two ordinances does disclose, however, that there were some burdens imposed upon the appellant by the amendatory ordinance of a purely
9. contractual nature that were not imposed by the original ordinance. Section five of the original ordinance provided that if appellant does not use iron poles for supporting its wires, it shall use first class spruce or cedar poles. By section nine of the amendatory ordinance it is provided that appellant may use iron, spruce or cedar poles, or some other equally good material; but the board of trustees shall have the right to designate iron or wood poles within certain prescribed limits on certain streets. Section eight of the amendatory ordinance provides that said appellant shall carry all children under six years of age, when carried on the lap of a passenger, free of charge. There is no provision of this character in the original ordinance. There were other restrictions as to how the tracks should be laid under certain conditions. A number of other minor changes, that might be said to be to the disadvantage of appellant, and contractual in their nature, were provided for, so that it appears that additional burdens were imposed upon

the railway company by the amendatory ordinance. That these burdens appear, from the bare record, to be greatly disproportional to the advantages received, cannot avail appellee. In the absence of fraud, a contract will not be set aside for failure or inadequacy of consideration, where the party received all of the consideration he contracted for. *Wolford* v. *Powers* (1882), 85 Ind. 294, 44 Am. Rep. 16; *Laboyteaux* v. *Swigart* (1885), 103 Ind. 596; *Eisel* v. *Hayes* (1895), 141 Ind. 41; *Mullen* v. *Hawkins* (1895), 141 Ind. 363. The value of all things contracted for is measured by the appetite of the contractors. *Druckamiller* v. *Coy, supra.* And courts will not enter into an inquiry as to the adequacy of the consideration. 1 Beach, Contracts, §§190-193.

There is no question of fraud or overreaching in this case, and everything that was done appears to have been in good faith, if not with good judgment. It therefore appears that there was a valid consideration for the second contract, and that this contract was intended to and did supplant and extinguish the old one. This being true, there exists no agreement on the part of the railway company to pave between its tracks, and it cannot be held for the payment therefor.

Judgment reversed.