THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN BENGER and Others, Petitioners, *v*. LELAND G. DAVIS, Mayor, et al., Aldermen Constituting the Common Council of the City of Cortland, N. Y., and JAMES R. FRENCH, Clerk of Said City, Defendants.*

(Supreme Court, Cortland Special Term, October, 1915.)

City of Cortland — provision of § 77(2) of charter of — municipal corporations — what not deemed part of " entire cost and expense " of improvements to be paid by city at large — Railroad Law, § 178.

The provision of section 77(2) of the charter of the city of Cortland (Laws of 1900, chap. 160), that the cost and expense of paving or repaving along and adjacent to any property owned by the city, " and one-third of the remainder of such

---

* Affirmed by Appellate Division on this opinion. 178 App. Div. 944.

improvement, exclusive of the amount charged to any railroad company, shall be paid by the city at large," clearly indicates the legislative intent that the amount paid by or charged to a railway corporation shall not be deemed a part of "the entire cost and' expense of such improvements," which words are to be construed as referring to the costs and expenses to be paid by the city at large and assessed against the abutting property, and not to the expense of the work imposed as a primary duty upon a railroad company by section 178 of the Railroad Law, of paving and keeping in repair the whole space between its tracks in the city and two feet on either side of the tracks, the expense of which can neither be charged upon the abutting property nor upon the municipality at large.

CERTIORARI to review a special assessment for repaving a street in the city of Cortland.

Kellogg E. Van Hoesen and Clayton R. Lusk, for petitioners.

Frederick Hatch, for defendants.

SEWELL, J. The General Railroad Law (Laws of 1910, chap. 481, § 178) provides as follows: " Every street surface railroad corporation, so long as it shall continue to use or maintain any of its tracks in any street, avenue or public place in any city or village, shall have and keep in permanent repair that portion of such street, avenue or public place between its tracks, the rails of its tracks, and two feet in width outside of its tracks, under the supervision of the proper local authorities, and whenever required by them to do so, and in such manner as they may pre-scribe. In case of the neglect of any corporation to make pavements or repairs after the expiration of twenty days' notice to do so, the local authorities may make the same at the expense of such corporation." This statute imposes upon the railroad company the

original and primary duty of paving and keeping in repair the whole space between the tracks and two feet on either side of the tracks. This duty is not suggested or advised but is commanded. *Mayor of N. Y.* v. *H. B., M. & F. Ry. Co.,* 186 N. Y. 304.

In case the corporation neglects to make pavement and the local authorities make the same at the expense of such corporation, they are authorized by subdivision 3 of section 77 of the charter of the city of Cortland (Laws of 1900, chap. 160) to collect the cost and expense of the railroad company. The language of this provision is as follows: " The common council shall assess upon any railway company liable to assessment hereunder its share of costs and expenses of such improvements and the said assessment shall be collected in the same manner as other assessments are collected by the chamberlain as provided in this act."

Subdivision 2 of section 77 of the charter provides that the cost and expenses of paving or repaving along and adjacent to any property owned by the city, including crosswalks and intersections of streets, " and one-third of the remainder of such improvements, exclusive of the amount charged to any railroad company, shall be paid by the city at large; the balance of the cost and expenses of such improvements shall be paid and become a charge upon and shall be assessed against such real estate abutting and bordering upon and contiguous and adjacent to the street or streets, alleys, public places or way, or any part thereof and by or against any railroad company whose rails or tracks occupy any portion of that part of the street or other way or public place so improved. The board of public works shall ascertain the whole cost and expense thereof and shall apportion the same upon all the real estate fronting upon said street, section of a street or public square then to be improved in pro-

portion to the benefit which each owner of said real
property may be deemed to receive, first deducting
the share thereof imposed upon the city and the share
or any portion thereof which any street or other rail-
road company may be liable to pay for the pavement
between its tracks and on each side of them.'' The
object and the intent of this provision are obvious.
The language of this provision is clear, distinct and
unequivocal. It is rigid and inflexible and unless it is
limited or nullified by some other provision of the
charter, no question be raised as to its construction,
the city at large is chargeable with the cost and
expenses of paving along and adjacent to its property
and one-third of the remainder of such improvements,
exclusive of the amount charged to any railroad com-
pany.

The defendants claim that the plain and unam-
biguous meaning of this provision is superseded and
nullified by the provision contained in the next sen-
tence of that subdivision which reads as follows:
'' The true intent and meaning hereof being that two-
thirds of the entire cost and expense of such improve-
ments, exclusive of street intersections, shall be
assessed upon and be borne by the lots and land abut-
ting upon and adjacent to such improvement and by
the owners thereof, and persons interested therein.''

It is also claimed that the provision in subdivision
3, for levying assessment for costs upon the proper
parties shows that the legislature did not intend what
it has plainly said, and that the true intent and mean-
ing of the statute is that the city should pay one-third
of the entire cost and expense *including* the amount
charged to any railroad.

The important words to be noticed in these provi-
sions and which are the basis of the defendant's con-

22

tentions are "The entire cost and expense of such improvements."

It was warmly contended upon the argument that the legislature intended by the use of these words to render nugatory the general and commanding provision of the charter that the city at large shall pay one-third exclusive of the amount charged to any railroad company.

There is no force in this contention. This is apparent, where, as in this case, the railroad company has performed its duty and paved its portion of the street. In that event there is no amount to be charged to the corporation or assessed upon it, and the costs and expenses are to be apportioned as if there were no railroad in the street.

It is also to be observed that in case of neglect of the corporation to pave or repave, after notice given it to do so, the local authorities do the work "at the expense of the corporation." In other words the expense of paving that portion of the street which the statute says the railroad company must pave is no part of the entire cost and expense of the improvement made by the local authority. That this is so; that the legislature did not intend by the words used in the charter "The entire cost and expense of such improvement," to include the whole or any part of the expense paid by or charged to or assessed upon the railroad company is made clear by the provision in the first clause of subdivision 2, that the cost and expense of such improvement shall be deemed to include, in addition to the actual contract price, and cost of all labor and material therefor, the sums actually paid or incurred for services of engineers and inspectors, interest or money borrowed by the city, also all necessary printing and publications, the cost of map surveys, "and all other labor and material whatso-

ever necessary or incident thereto or connected therewith.''

The failure to include the amount paid by, or charged to, the railway company clearly evinces a legislative intent that it should not be deemed a part of the '' entire cost and expense of the improvement.'' It seems to me that these words should be construed as referring to the cost and expenses to be paid by the city at large and assessed against the abutting property, and not to the expense of the work the railroad corporation is required to do, which cannot be charged either upon the abutting property or the municipality at large. *Conway* v. *City of Rochester,* 157 N. Y. 33; *Binninger* v. *City of New York,* 177 id. 199. When so construed full scope can be given to these words without conflicting with any other part of the charter. All of the provisions in question can stand and be enforced together.

Without further discussion of the question I think enough has been said to show the assessment is erroneous and should be set aside and a new assessment ordered.

Assuming the railroad itself paves the portion required of it by the Railroad Law, the city paves all of the remainder of the street including certain '' cross walks and intersections '' and the parts '' adjacent to property owned by the city.''

Ordered accordingly.