STATE OF INDIANA, EX REL. CITY OF VINCENNES, *v.* VINCENNES TRACTION COMPANY.

[No. 23,146.   Filed December 14, 1917.   Rehearing denied March 20, 1918.]

1. STREET RAILROADS.—*Franchise to Operate.—"Contract."*—In a broad sense, a franchise granted to a street railroad company to construct and operate a street railway within the corporate limits of a city constitutes a contract between the company and the city.   p. 293.

2. MANDAMUS.—*Private Contracts.— Enforcement.*— Ordinarily mandamus will not lie to enforce the performance of a private contract.   p. 293.

3. MANDAMUS.—*Exercise of Corporate Franchise.*—Whenever a corporation accepts a municipal franchise imposing certain obligations toward the public in consideration of rights conferred, such corporation may be compelled by mandate to perform such franchise duties.   p. 293.

4. MANDAMUS. — *Exercise of Corporate Franchise. — Paving Streets.*—A franchise provision that requires a street car company to pave certain parts of the public streets which it occupies, contemplates the performance of a public duty, and as such may be enforced by mandamus.   p. 294.

5. STREET RAILROADS.—*Franchise.—Repair of Streets.*—An ordinance granting a franchise to a street railroad company and providing that the "company shall maintain and keep in proper condition and repair the space between the rails and for two feet on either side thereof, including walks, crossings, grading and improvements, all of which shall be done in accordance with the plan adopted by the city for the improvement of the balance of the street  *  *  *" imposes upon the company the duty to co-operate with the city and put its part of the street in the same condition as the remainder, even though it necessitates the laying of a new pavement as distinguished from the laying of an old one.   pp. 294, 295.

6. STREET RAILROADS.—*Franchises.—Construction.*—As a general rule, franchises granted by a city to a street railway company are to be construed most strongly against the company.  p. 294.

7. STREET RAILROADS.—*Franchise.—Repair of Streets.*—Where a franchise provides only that the street railway company shall keep the street between its tracks "in repair," no obligation rests on the company to pave or otherwise improve the street. p. 295.

8. MANDAMUS.—*Franchises.—Street Improvement.—Relief.*—Although a city may construct an entire street improvement and recover in damages from a street railway company for its share of the cost under a franchise provision requiring the company to improve certain parts of the street, such remedy does not exclude the right to enforce performance of the provision by mandamus.  p. 296.

9. STREET RAILROADS.—*Franchise.—Repair of Streets.*—Neither §8710 Burns 1914, Acts 1909 p. 412, providing that if a municipality undertakes to improve the entire street, the utility company may elect to construct the portion for which it is chargeable, nor §8940 Burns 1914, Acts 1905 p. 397, requiring the city, in case a street car company is bound by franchise to bear the cost of a street improvement, to extend to the company on request a period of time to pay for the improvement, relieve the defendant company of any obligation in its franchise or restrict in any manner the rights of the municipality. p. 296.

From Daviess Circuit Court; *James W. Ogden,* Judge.

Action of mandamus by the State of Indiana, on relation of the city of Vincennes, against the Vincennes Traction Company.  From a judgment for the defendant, the relator appeals.  *Reversed.*

*William H. Hill,* for appellant.

*James Wade Emison, William S. Hoover, Wade & Padgett,* and *Ewing R. Emison,* for appellee.

SPENCER, C. J.—Action by the relator to compel appellee to pave a part of one of the public streets in the city of Vincennes.  In disposing of the first question presented by this appeal from a judgment for the defendant on its demurrer to the complaint, we are required to determine whether a public utility may be

compelled through an action in mandamus to comply with the terms of the ordinance granting it a franchise. As applied more particularly to the facts in issue, appellee contends that an ordinance granting a

1. franchise to operate a street car system over and along the streets of a municipal corporation is, when accepted by the grantee, a contract between the parties, and as such its provisions cannot be enforced by mandamus. It is not to be doubted that, in a broad sense, a charter granted to a street railway company to construct and operate a street railway within the corporate limits of a city constitutes a contract between the company and the municipality. *Western Paving, etc., Co.* v. *Citizens' St. R. Co.* (1891), 128 Ind. 525, 529, 26 N. E. 188, 28 N. E. 88, 10 L. R. A. 770, 25 Am. St. 462; *Indianapolis, etc., R. Co.* v. *Town of Newcastle* (1908), 43 Ind. App. 467, 472, 87 N. E. 1067. It is equally true that, ordinarily, mandamus will not

2. lie to enforce the performance of a private contract. *Bartlett* v. *State, ex rel.* (1916), 186 Ind. 16, 114 N. E. 692; *State, ex rel.* v. *Marion Light, etc., Co.* (1910), 174 Ind. 622, 625, 92 N. E. 731. Nevertheless, as was held in the case last cited, a contract may, under some circumstances, create a relation between the parties on which the law will impose certain

3. rights and duties enforceable by mandamus. Thus, whenever a corporation accepts a municipal franchise imposing certain obligations towards the public in consideration of rights conferred, such corporation may be compelled by mandate to perform such franchise duties. *State, ex rel.* v. *Cadwallader* (1909), 172 Ind. 619, 637, 87 N. E. 644, 89 N. E. 319; *Vandalia R. Co.* v. *State, ex rel.* (1905), 166 Ind. 219, 222, 76 N. E. 980, 117 Am. St. 370; *Seymour Water Co.* v. *City of Seymour* (1904), 163 Ind. 120, 130, 70 N. E. 514; *People, ex rel.* v. *Suburban R. Co.* (1899), 178 Ill. 594,

604, 53 N. E. 349, 49 L. R. A. 650. Under this rule, it has been expressly decided that a franchise provision which requires a street car company to pave certain parts of the public streets which it occupies, 4. contemplates the performance of a public duty, and as such it may be enforced by mandamus. *Rutherford* v. *Hudson River Traction Co.* (1906), 73 N. J. Law 227, 241, 63 Atl. 84; *City of Lansing* v. *Lansing City Electric R. Co.* (1896), 109 Mich. 123, 127, 66 N. W. 949; *State, ex rel.* v. *Jacksonville St. R. Co.* (1892), 29 Fla. 590, 616, 10 South. 590.

We are required, then, to determine whether there is resting on appellee a franchise obligation to pave any part of the streets over which it operates. It 5. is provided in §3 of the ordinance in question that:

"Said company shall also keep and maintain in proper condition and repair the space between the rails and for two feet on either side thereof, including walks, crossings, grading and improvements, all of which shall be done in accordance with the plan adopted by the city for the improvement of the balance of the street upon which said road, or any part thereof, may be constructed. And the said city reserves the right to enforce this section by appropriate ordinances."

Since the obligation of a street railway company to pave between its tracks depends, in each instance, on the wording of the ordinance or franchise under 6. which it is operating, and since provisions touching that question usually vary in their phraseology, it is impossible to lay down an exact rule which will govern in all cases. As a general proposition, however, franchises granted by a city to a street railway company are to be construed most strongly against the company, and all doubts resolved in favor of the city. *Western Paving, etc., Co.* v. *Citizens' St. R. Co., supra;*

*Columbus St. R., etc., Co.* v. *City of Columbus* (1908), 43 Ind. App. 265, 268, 86 N. E. 83; *Norfolk, etc., Traction Co.* v. *City of Norfolk* (1913), 115 Va. 169, 173, 78 S. E. 545, Ann. Cas. 1914D 1067.

In case the franchise provides only that the traction company shall keep the street between its tracks "in repair," it is clear that no obligation rests on the company to pave or otherwise improve the street. *Western Paving, etc., Co.* v. *Citizens' St. R. Co., supra,* 530; *Indianapolis, etc., R. Co.* v. *Town of Newcastle, supra.* On the other hand, a requirement that the space between the tracks is not only to be kept in "good repair," but is also to be "maintained in proper condition," having regard to the improvement by the city of the balance of the street, has frequently been held to impose on the street car company something more than an obligation to repair. *Columbus St. R., etc., Co.* v. *City of Columbus, supra,* 268; *State, ex rel.* v. *Milwaukee Electric R., etc., Co.* (1913), 151 Wis. 520, 532, 139 N. W. 396, Ann. Cas. 1914B 123; *Mayor, etc.* v. *Harlem Bridge, etc., R. Co.* (1906), 186 N. Y. 304, 309, 78 N. E. 1072; *State, ex rel.* v. *Jacksonville St. R. Co., supra; Norfolk, etc., Traction Co.* v. *City of Norfolk, supra,* 173; *City of Lansing* v. *Lansing City Electric R. Co., supra; City of Danville* v. *Danville R., etc., Co.* (1913), 114 Va. 382, 385, 76 S. E. 913, 43 L. R. A. (N. S.) 463.

The necessity of repairing or repaving a street is to be determined by the municipal authorities (36 Cyc 1409), and when a municipality has, for sufficient reason, decided to repave or improve a street with a new and better pavement, it is the duty of the railroad company, under a charter provision such as the present, to co-operate with the city and put its part of the street in the same condition as the remainder thereof, even though that necessitates the laying of a

new pavement as distinguished from repairing an old one. *Mayor, etc.* v. *Harlem Bridge, etc., R. Co., supra,* 309, and other authorities above cited.

The complaint now under consideration shows that the city of Vincennes has improved the street in question on either side of appellee's tracks by paving 8. the same with brick, and sets forth other facts sufficient to show a refusal on the part of appellee to fulfill its franchise obligation. Counsel further contend, however, that if these facts be admitted, the remedy open to the city was to have undertaken the entire improvement itself and then brought an action to recover appellee's share of the cost. A similar contention is expressly denied in *Vandalia R. Co.* v. *State, ex rel., supra,* where it is held that the right to an action for damages does not, under such circumstances, exclude the right to proceed in mandamus, and we regard that decision as controlling here.

Finally, our attention is called to the provisions of §8710 Burns 1914 (Acts 1909 p. 412) and §8940 Burns 1914 (Acts 1905 p. 397), in so far as they relate 9. to the improvement of streets over which railroad, interurban or street car lines are operated, but we see nothing in either of these statutes which affects the question at issue. Section 8710 provides that if a municipality undertakes to improve the entire street, the utility company may elect to construct that portion of the work for which it is chargeable, while §8940 requires the city, in case an interurban or street car company is bound by its franchise to bear the cost of a street improvement, to extend to such company, at its request, a period of time in which to pay for such improvement. Neither of these statutes, however, undertakes to relieve the railway company of any obligation contained in its franchise or to restrict in any other manner the rights of the municipality.

In view of our conclusions, we are required to hold that the circuit court erred in sustaining appellee's demurrer to the amended complaint. Judgment reversed, with instructions to overrule the demurrer, and for further proceedings not inconsistent herewith. `

NOTE.—Reported in 117 N. E. 961. Mandamus: jurisdiction over private corporations, 37 Am. St. 317. Contracts of street railways to keep streets in "repair," obligation as to repair with different kind of material, Ann. Cas. 1914B 129.