[Nos. 3111, 3112. May 5, 1927.]

CITY ELECTRIC CO. v. CITY OF ALBUQUERQUE

et al.

[258 Pac. 573.]

SYLLABUS BY THE COURT

The franchise of the City Electric Company of Albuquerque obligates the company to pave its track zone, and the cost of such paving may be collected either by suit in ordinary form, or by foreclosing a lien in the same manner as mortgages may be foreclosed, under the provision of chapter 152, laws 1919.

---

[1] 12CJ p. 975 n. 39; 26CJ p. 1031 n. 94; p. 1032 n. 96, 97; 28 Cyc p. 1121 n. 7; 36 Cyc p. 1363 n. 28; p. 1404 n. 7; p. 1412 n. 70; p. 1413 n. 77 New.

398    SUPREME COURT OF NEW MEXICO

City Elec. Co. v. City of Albuquerque et al., 32 N. M.   397

Appeal from District Court, Bernalillo County; Helmick, Judge.

Suits by the City Electric Company against the City of Albuquerque and others for an injunction. From the judgments for defendants, plaintiff appeals. Affirmed.

A. B. McMillen and Lawrence F. Lee, both of Albuquerque, for appellant.

H. B. Jamison, of Albuquerque, and Pershing, Nye, Tallmadge & Bosworth, of Denver, Colo., for appellees.

OPINION OF THE COURT

PARKER C. J. The appellant, City Electric Company, hereinafter styled plaintiff, owns and operates a street railway in the city of Albuquerque, under a franchise granted by the city of Albuquerque on the 17th day of August, 1903, and a further franchise granted on the 9th day of September, 1909. The 1903 franchise contains the following provision:

"The tracks must be constructed in the middle of the street and laid to grade, to be furnished by the city, and the streets between the rails and for one foot on each side thereof shall be paved or macadamized or built by said grantees of the same material as that portion of the street through which the track runs, and shall be kept constantly in repair and flush with the street, so that the same may be readily crossed with vehicles at all points in the street."

The 1919 franchise contains the following provision:

"The tracks must be constructed in the middle of the street and laid to grade, to be furnished by the city, and the streets between the rails and for one foot on each side thereof shall be paved or macadamized or built by said grantee of the same material as that portion of the street through which the track runs, and shall be kept constantly in repair and flush with the street, so that the same may be crossed readily by vehicles at all points in the streets."

The city of Albuquerque improved certain streets in the city by laying bitulithic paving thereon. The city ordered the plaintiff to pave between its rails and for one foot on each side thereof on the streets

JANUARY TERM, 1927          399

City Elec. Co. v. City of Albuquerque et al., 32 N. M. 397

being so improved. Plaintiff refused to comply with the order. The city then payed that portion of the street and assessed the cost of such paving by ordinance against the plaintiff. The two cases, Nos. 3111 and 3112, differ only in that they relate to different portions of the streets paved. The issues in each case are the same.

The plaintiff brought suit to enjoin the city from taking steps to assess the cost of paving between the rails of plaintiff and for one foot on each side thereof against the plaintiff's property, and from taking steps to fix a lien against plaintiff's property for the pavement of such paving costs. The court below refused the injunction asked for by the plaintiff and dismissed the complaint in both of the cases, and they are here on appeal from those judgments.

[1] The first proposition presented by plaintiff is to the effect that the contract between the plaintiff and the city arising out of the provisions of the charters hertofore set out do not require the plaintiff to pave the zone occupied by its tracks.

The argument of plaintiff in support of its position seems to us to be entirely inconclusive. A fair interpretation of the franchise above set out would seem to require, in terms, the paving of the track zone by the plaintiff with the same material used by the city on the rest of the streets. At the time of the granting of this franchise, the streets of Albuquerque were not paved. The parties must have contemplated at that time that the streets would be paved in the future, else the use of the word "pave" would be superfluous. When the streets should be paved by the city, it was cleary contemplated that the plaintiff should be required to pave the track zone. This is the only conclusion which can be drawn from the franchises. Counsel have cited the following cases: City of Philadelphia v. Hestonville, M. & F. P. R. R. Co., 177 Pa. 371, 35 A. 718; State v. Corrigan, 85 Mo. 263, 55 Am. Rep. 361; Indianapolis & E. Ry. Co. v. New Castle,

400    SUPREME COURT OF NEW MEXICO

City Elec. Co. v. City of Albuquerque et al., 32 N. M. 397

43 Ind. App. 467, 87 N. E. 1069; Chicago v. Sheldon, 9 Wall. 50, 19 L. Ed. 594.

An examination of these cases, however, discloses that in each instance the ordinance required nothing more than to repair, and in no case required paving. In this respect these cases are not in point and furnish no foundation for the contention made. The interpretation which we place on the franchises is strengthened by the recognized consideration that in case of ambiguity, if there were any, in the franchises they are to be interpreted most strongly in favor of the public and against the grantee. 2 Elliott, Roads and Streets (4th Ed.) § 941, 1.

We have, then, a case where the plaintiff is liable on contract for the cost of this paving. As before seen, these franchises were granted in 1903 and 1909. The act under which the city was proceeding is section 3, c. 152, Laws 1919, the pertinent provisions of which are as follows:

"The governing body of any municipality shall have power to assess against the owner or owners of any railroad or street railroad occupying or abutting any highway ordered to be improved as aforesaid, the whole cost of the improvements between or under the rails and tracks of said railroad or street railroad, and the two feet on each side of said track or tracks, and shall have power by ordinance to levy a special assessment upon said railroad or street railroad and its roadbed, ties, rails, fixtures, chattels, rights and franchises, which shall constitute a lien thereon, superior to any other lien or claim, except state, county and municipal taxes, and which may be enforced either by sale of said property in the manner provided here, or by suit against the owner."

It is to be observed that this section provides two methods for the collection of the amount due. One is by suit against the owner in ordinary form, which, of course, would reach all of the property of the debtor. The other is by foreclosure in the same manner as mortgages are foreclosed, as is pointed out in section 4 of the act. We can see no objection to this legislation. The liability of the plaintiff for the cost of the pavement is not in any way increased. The remedy of the city for the enforcement of the liability

JANUARY TERM, 1927            401

City Elec. Co. v. City of Albuquerque et al., 32 N. M.   397

is somewhat enlarged, but this would violate no constitutional guaranty of which we are aware. See 12 C. J. "Constitutional Law," § 559. With the provision in regard to priority of the lien over all others, except state, county, and municipal taxes, we are not concerned in this connection, there being no party before the court in position to present the question.

It is then apparent that the judgment of the district court was correct and should be affirmed, and it is so ordered.

BICKLEY and WATSON, JJ., concur.