JOHN CONWAY, Appellant, *v.* THE CITY OF ROCHESTER and Others, Composing the Executive Board of said City, Respondents.

1. STREET SURFACE RAILROAD — REPAVING BETWEEN TRACKS. The mandatory duty imposed by section 98 of the Railroad Law (L. 1890, ch. 565, amd. L. 1892, ch. 676) upon every street surface railroad company operating its tracks in a city or village street, to "have and keep in permanent repair that portion of the street between its tracks, the rails of its tracks, and two feet in width outside of its tracks, under the supervision of the proper local authorities, and whenever required by them to do so, and in such manner as they may prescribe," includes repaving with a new material.

2. MUNICIPAL CORPORATION — REPAVING STREET CONTAINING RAILROAD TRACKS — NOTICE TO COMPANY. When the authorities of the city of Rochester have determined that a street occupied by the Rochester Railway Company shall be entirely repaved, section 98 of the Railroad Law imposes upon them the mandatory duty of notifying the company to repave, in the manner determined, that portion of the street which the statute requires it to keep in permanent repair, before the municipality constructs the new pavement.

3. REPAVING AT EXPENSE OF RAILROAD COMPANY. If, after such notice, the railroad company neglects to repave as directed, beyond the time prescribed by the statute, the city can then proceed with the work, but the repaving of the portion of the street required by the statute to be kept in repair by the railroad company must be at the expense of the company and cannot be charged upon either the abutting owners or the municipality at large.

*Conway* v. *City of Rochester*, 24 App. Div. 489, reversed.

(Argued October 3, 1898; decided October 18, 1898.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 6, 1898, affirming an order of Special Term vacating a temporary injunction.

The nature of the proceeding, the questions certified and the facts, so far as material, are stated in the opinion.

*John Desmond* for appellant.   Although no question is certified as to the right of the plaintiff to maintain this action, it may be stated that he can maintain the same as a taxpayer, although the improvement is local and the expense thereof is to be borne by local assessment.   (Code Civ. Pro. § 1925 ; *Learned* v. *City of Syracuse*, 17 App. Div. 19 ; *Ziegler* v. *Chapin*, 126 N. Y. 344 ; L. 1880, ch. 14, §§ 104, 108 ; *Scott* v. *Onderdonk*, 14 N. Y. 9 ; *Hatch* v. *City of Buffalo*, 38 N. Y. 276 ; *Allen* v. *City of Buffalo*, 39 N. Y. 386 ; *Hassen* v. *City of Rochester*, 65 N. Y. 516 ; *Co. of Monroe* v. *City of Rochester*, 154 N. Y. 570.)   Chapter 34 of the Laws of 1869 does not control the questions here.   That act, in so far as it conflicts with the provisions of the General Railroad Law, chapter 565, Laws of 1890, must be deemed repealed or modified, although the same is not expressly repealed.   (*Beardsley* v. *N. Y., L. E. & W. R. R. Co.*, 15 App. Div. 251 ; *Conway* v. *City of Rochester*, 24 App. Div. 489 ; *Mattter of Dobson*, 146 N. Y. 357 ; *City of Poughkeepsie* v. *Quintard*, 136 N. Y. 275, 279 ; *Wormser* v. *Brown*, 149 N. Y. 163 ; *Hoey* v. *Gilroy*, 129 N. Y. 132 ; Const. 1846, art. 8, § 1 ; L. 1850, ch. 140, § 8 ; *Mayor, etc.*, v. *Twenty-third St. R. Co.*, 113 N. Y. 311.)   The Rochester Railway Company must pave and keep in permanent repair the street between and about its tracks, under section 98 of the General Railroad Law.   (3 Kent's Com. 468 ; *Beach* v. *Crain*, 2 N. Y. 86 ; *People ex rel.* v. *City of Brooklyn*, 21 Barb. 484 ; *Huggans* v. *Riley*, 125 N. Y. 88 ; *R. Ave. P. Co.* v. *Philadelphia*, 124 Penn. St. 219 ; *P. & B. P. R. Co.* v. *City of Pittsburgh*, 80 Penn. St. 72 ; *Parmelee* v. *City of Chicago*, 60 Ill. 267 ; *R. R. Co.* v. *Wakefield*, 103 Mass. 261, 266 ; *Com.* v. *New Bedford B.*

*Co.*, 2 Gray, 339, 351; *Leavitt* v. *Fletcher*, 10 Allen, 121; *Phillips* v. *Stevens*, 16 Mass. 238; *Dermott* v. *Jones*, 2 Wall. [U. S.] 7, 8; Suth. on Stat. Const. §§ 289, 291; *City of Brooklyn* v. *B. C. R. R. Co.*, 47 N. Y. 475, 479; *McMahon* v. *Second Ave. R. Co.*, 75 N. Y. 231; *People ex rel.* v. *Bd. Suprs. Queens Co.*, 142 N. Y. 271.)

*John F. Kinney* for respondents. The provisions of the General Railroad Act, section 98, chapter 565 of the Laws of 1890, as amended by chapter 676 of the Laws of 1892, only require repairs to be made by railroad companies, which expression does not include the construction of a pavement where none previously existed or one of new and different material from that existing at the time of the contemplated improvement. (*Gilmore* v. *City of Utica*, 121 N. Y. 570; *Matter of O'Neil*, 91 N. Y. 516; *Johnson* v. *H. R. R. R. Co.*, 49 N. Y. 455.) The construction of a new pavement where none previously existed and a pavement of new and different material from that existing at the time of the contemplated improvement is not a repair of a street as that term is used in the General Railroad Act above referred to. (Booth on Street Railroads, §§ 241, 244; Elliott on Roads & Streets, 594, 595; *Matter of Fulton St.*, 29 How. Pr. 429; *Brenn* v. *City of Troy*, 60 Barb. 417; *State ex rel.* v. *C. C. Ry. Co.*, 85 Mo. 263; *Mayor, etc.*, v. *Scharf*, 54 Md. 499, 525; *W. P. & S. Co.* v. *C. St. Ry. Co.*, 26 N. E. Rep. 188; 28 N. E. Rep. 88; *City of Binghamton* v. *B. & P. D. R. Co.*, 61 Hun, 479; *F. L. & T. Co.* v. *Ansonia*, 61 Conn. 78.) Whether the provisions of the General Railroad Act relate to new pavements as well as repairs, or not, they have no application in this case, because the provisions are not mandatory, and might be and were waived by the local authorities. (*Gilmore* v. *City of Utica*, 121 N. Y. 570; Booth on Street Railways, § 259.) Assuming that the provisions of the General Railroad Act above referred to include cases of the construction of new pavements, and also that they are mandatory in terms, still they have no application to the case at bar, because the

Rochester Railway Company is expressly exempted by a special statute from making, or contributing toward the expense of making, a new pavement like the one in question in this case. (L. 1869, ch. 34, § 5; *Mayor, etc.*, v. *Twenty-third St. Ry. Co.*, 113 N. Y. 317.) There is no provision of law contained in the city charter or elsewhere under which the Rochester Railway Company can be assessed for any portion of the expense of constructing the pavement in question. (Suth. on Stat. Const. § 268; *People ex rel.* v. *Gilon*, 126 N. Y. 147–152; *Elwood* v. *City of Rochester*, 43 Hun, 119; *Co. of Monroe* v. *City of Rochester*, 88 Hun, 165.) The abutting owners are liable for the entire cost of the construction of the new pavement; and this court should so certify with costs to the respondents. (Code Civ. Pro. § 190; *McHenry* v. *Jewett*, 90 N. Y. 61; *People ex rel.* v. *Adams*, 88 Hun, 122; 147 N. Y. 722; *Guest* v. *City of Brooklyn*, 69 N. Y. 506; *Kennedy* v. *City of Troy*, 77 N. Y. 493; *Matter of Cruger*, 84 N. Y. 621; *Hoffeld* v. *City of Buffalo*, 130 N. Y. 392.)

Parker, Ch. J.   The common council of the city of Rochester determined to pave, with asphalt, one of its streets that was in part occupied by the tracks of the Rochester Railway Company, over which its cars were operated. Before the ordinance was adopted to pave the street the officers of the railway company were waited upon with the view of ascertaining whether the company would assist in paving the street. After consideration of the question the officers decided that the company could not be compelled to contribute towards the expenses of repaving the street and so advised the municipal authorities. The latter seemed to have reached the same conclusion, for they proceeded to take the necessary steps to pave the street from curb to curb, without giving the Rochester Railway Company notice that it was required to pave the portion of the street within its tracks and two feet in width outside of its tracks. Thereupon plaintiff, who is a taxpayer in the city and also an abutting owner upon the street in question, instituted this suit, at the commencement · of which a

temporary injunction was granted restraining the defendants from awarding any contract for the making of such pavement. Subsequently, an order was granted vacating the injunction and an appeal taken from that order to the Appellate Division, which affirmed the order.

Thereafter, upon a motion made for a reargument and for leave to go to the Court of Appeals, the Appellate Division decided to allow an appeal to this court, and it certified two questions for our consideration :

*First.* Are the abutting owners on Lyell avenue liable for the cost of constructing a new pavement between the tracks and the rails of the tracks and for two feet in width outside of the tracks of the Rochester Railway Company ?

*Second.* Is the duty of the common council of the city of Rochester to request the Rochester Railway Company to construct a pavement between its tracks and the rails of its tracks and for two feet outside thereof on Lyell avenue, before the city constructs such pavement, mandatory ?

As the answer to these questions must be found in the statute, I quote section 98 of the General Railroad Law, which is applicable to the Rochester Railway Company :

"Every street surface railroad corporation so long as it shall continue to use any of its tracks in any street, avenue or public place in any city or village *shall have and keep in permanent repair* that portion of such street, avenue or public place between its tracks, the rails of its tracks, and two feet in width outside of its tracks, *under the supervision of the proper local authorities,* and *whenever required by them to do so, and in such manner as they may prescribe.* In case of the neglect of any corporation to make pavements or repairs after the expiration of thirty days' notice to do so, the local authorities may make the same at the expense of such corporation, and such authorities may make such reasonable regulations and ordinances as to the rate of speed, mode of use of tracks, and removal of ice and snow, as the interests or convenience of the public may require. A corporation whose agents or servants willfully or negligently violate such

an ordinance or regulation, shall be liable to such city or village for a penalty not exceeding five hundred dollars to be specified in such ordinance or regulation." (L. 1890, ch. 565, sec. 98; as amended, L. 1892, ch. 676, § 98.)

We note first that the legislature by this statute intended to provide that so much of a street or avenue as should be within the tracks of any street surface railroad corporation and for two feet in width outside such tracks, shall be kept in repair. The duty of keeping such portion of the streets in permanent repair is not suggested or advised, but is commanded. So much of the statute certainly is mandatory.

It will next be observed that the party charged with the performance of the duty is specifically pointed out. The street surface railroad corporation continuing to use any of its tracks " shall," says the statute, " keep in permanent repair " such portion of the street. This language is mandatory. The municipal authorities are given no authority to relieve the railroad corporation of the whole or any portion of the needed repairs, or to impose the whole or any portion of the cost upon the abutting owners or the city at large.

Having provided that a given portion of a street occupied by a street surface railroad corporation shall be kept in permanent repair, and that the work shall be done by the corporation in actual occupation of the tracks, the statute next undertakes to provide a method by which the duty enjoined by the statute can be enforced in such a manner as will best protect the interests of the public in such streets, and so it declares that when such repairs are made, they shall be made " under the supervision of the proper local authorities." But the power of the local authorities does not end with the right of supervision of the repairs made to such portion of a street by a surface railroad corporation. The legislature saw fit to vest in the local authorities the further right to determine when the repairs should be made and how they should be made. The statute provides that the corporation shall make such repairs under the supervision of the proper local author-

ities "whenever required by them to do so, and in such man-
ner as they may prescribe."

Again, it will be observed that the language employed is:
mandatory so far as the railroad corporation is concerned.
The local authorities may determine when and how the street
shall be repaired, but when that is done the statute steps in
and says the railroad company is to do the work.   As a safe-
guard against the neglect or refusal of a railroad corporation
to repair a street in accordance with the determination of the
proper local authorities, it is further provided that " in case of
the neglect of any corporation to make pavements or repairs
after the expiration of thirty days' notice to do so, the local
authorities may make the same at the expense of such corpora-
tion."    Our examination of the statute then leads to the con-
clusion that under section 98 of the Railroad Act, it became
and was the duty of the Rochester Railway Company to keep
in permanent repair such portion of the street through which
it passed, as was within its tracks and two feet in width out-
side, and that the local authorities of that city were vested
with the authority of determining when the repairs should be
made, and thus empowered, the local authorities did determine
that repairs should be made and the character of them.   They
decided that the entire street should be repaved and that the
material to be used should be asphalt.   This they had the
right to do, and when this determination was made the statute
intervened and commanded that the Rochester Railway Com-
pany should make the repairs thus ordered, under the super-
vision of the local authorities.   In case of the neglect of the
corporation to repave within thirty days after notice given it
to do so, then the local authorities were to do the work at the
expense of the corporation, while as to the rest of the street
the charter of the city of Rochester conferred upon the local
authorities power to pave it with asphalt and charge the
expense therefor upon the abutting owners and the city at
large in the proportions provided ; but they had no power to
charge any portion of the expense of repairing that portion of
the street which the statute says the street surface railroad

shall keep in permanent repair, upon either the abutting owners or the city at large.

It is our view of the statute, therefore, that the first question should be answered in the negative and the second question in the affirmative, and thus a reversal of the order of the Appellate Division is required.

The learned Appellate Division seems to have been of the opinion that the conclusion reached by it was substantially required by the decision of this court in the case of *Gilmore* v. *City of Utica* (121 N. Y. 561). The statute which the court then had under consideration was very different, as we read it, from the one now before us. The plaintiff in that action contended that certain provisions of the charter of the city of Utica made it the duty of surface railroad companies to repave between their tracks and two feet in width outside, whenever the common council should direct a repavement of the street, but this court held that the statute was not mandatory, but permissive; that the local authorities possessed the power to require railroad companies to make such pavement, but that the exercise of this power by the municipal authorities was discretionary. The provision of the charter then considered reads as follows: "The common council is hereby *authorized* to require all railroad companies operating street railroads in any of the streets of the city to repave between their tracks, and at least two feet in width on each side thereof, whenever the common council shall deem such repavement necessary. But nothing contained in this section shall be so construed as to impair any rights which have heretofore been granted to, or acquired by, the Utica City Railroad Company."

It will be observed that this statute did not provide that the railroad company should keep any portion of the street in repair. It merely attempted to empower the common council to require the railroad companies to repave whenever it should deem repavement necessary. Whether the railroad company should repave or not was, therefore, a question addressed to the discretion of the common council, and this court held that, having exercised that discretion against requiring the railroad

company to repave any part of the street, the plaintiff had no legal ground of complaint. The attention of the court in the *Gilmore* case was called to section 9, ch. 252, Laws of 1884, which is substantially like section 98 of the Railroad Law, and the court decided that section was not applicable to the Utica Belt Line Street Surface Railroad Company, because it was not operating its road under the act, and, therefore, the section had no pertinency. And the court also considered subdivision 5 of section 28 of the Railroad Law of 1850, which provided that the railroad company may construct its track " along or upon   *   *   *   any street or highway," but that the " company shall restore the street or highway   *   *   * touched to its former state or to such state as not necessarily to have impaired its usefulness." It was properly said that while that statute requires the railroad company not only to restore the street, but to keep it in such a state of repair as not to affect its usefulness, still it does not enjoin upon the company the duty of repaving the street whenever the municipality shall require it.

But the language of that section is very different from that of section 98 of the present Railroad Law, which does make it the duty of railroad companies to keep that portion of the street described in the statute in permanent repair, and does command that it shall make such repairs, not only whenever required by the local authorities to do so, but also " in such a manner " as they shall prescribe. The language employed by the legislature is broad enough to include repavement as well as repairs, and that it was thus used advisedly is further evidenced by the very next sentence, which provides that " in case of the neglect of any corporation to make pavements or repairs   *   *   *   the local authorities may make the same at the expense of such corporation."

The order should be reversed, with costs, the first question certified answered in the negative and the second in the affirmative.

All concur.

Order reversed, etc.