PEOPLE ex rel. RUSSELL et al. v. CITY OF UTICA et al.

(Supreme Court, Appellate Division, Fourth Department. November 27, 1899.)

1. STREET RAILROADS—REPAVING STREET—LIABILITY OF ABUTTING PROPERTY.
   Under Laws 1895, c. 933, requiring every street surface railroad corporation to keep in repair that portion of the street between its tracks, and "two feet in width outside of its tracks," in such manner as the proper local authorities may prescribe, and providing that, in the case of neglect to make repairs after 30 days' notice to do so, the local authorities "may make the same" at the corporation's expense, etc., where a street occupied by a street railroad is repaved by a city the entire cost of repaving a strip two feet in width outside the rails must be collected by the city from the railroad company, and no part is assessable upon the abutting property.

2. MUNICIPAL CORPORATIONS—ASSESSMENT FOR STREET IMPROVEMENTS.
   An offer by a city to deduct from the cost of repaving a street two-thirds of the penalty of a bond given to it to secure performance of an obligation that the pavement laid previously would remain in perfect condition for 10 years, which obligation was not performed, is reasonable, and should inure to the benefit of the abutting owners, if they elect to avail themselves of the same.

Certiorari by the people, on the relation of Seth Russell and others, against the city of Utica and its officers, to review their action in

levying a local assessment for repaving a street. Assessment vacated.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

S. M. Lindsley, for relators.
G. C. Morehouse, for defendants.

McLENNAN, J. In the year 1897 the city of Utica, through its common council, assumed to assess upon the property abutting upon the improvement in Whitesboro street, in said city, two-thirds of the entire cost of repaving said street, which sum included the cost of paving a strip two feet in width on the outside of the rails of the street railroad which occupied the street. Under the decision of the case of Conway v. City of Rochester, 157 N. Y. 33, 51 N. E. 395, we are of the opinion that chapter 933 of the Laws of 1895 is applicable to street railroads in the city of Utica, and that it was mandatory upon the city to collect the cost of paving such strip from the railroad company occupying said street with its tracks, and that no part of the cost of paving the two-foot strip was assessable upon abutting property. It follows that the assessment complained of should be vacated and set aside, with $50 costs and disbursements to the relators, and that a reassessment should be made by the board of assessors of the city of Utica of two-thirds of the cost of such repaving, deducting therefrom the cost of paving the said two-foot strip, and that said remaining sum should be assessed upon the property abutting upon said improvement, ratably and in accordance with the provisions of the charter of said city. By a stipulation made in open court by the counsel for the city of Utica, and subsequently reduced to writing and by consent made a part of the record, it was stipulated and agreed, on behalf of the city of Utica, that there might be deducted from the total cost of repaving the street in question, which was $9,182.71, two-thirds of the amount of a bond for $3,500, which is $2,333.33, and which bond was given by a corporation which had previously paved said street to secure the performance of the obligation that the pavement laid by it would remain in perfect condition and repair for a period of 10 years, which obligation was not fulfilled, and said company became liable to pay to the city of Utica the amount of said bond. We think such offer on the part of the city of Utica was fair and reasonable, and that it should inure to the benefit of the relators and other abutting property owners, in case they elect to avail themselves of the same It is therefore determined that, in case the relators so elect within 30 days, two-thirds of the amount of said bond, to wit, $2,333.33, should be deducted from the total cost of said repaving, and that only the remaining sum, to wit, the sum of $6,849.38, should be assessed upon the property abutting upon said improvement; and, in case said offer is accepted, then the assessment complained of should be amended accordingly, and said sum of $6,849.38 should be assessed upon the abutting property ratably, and in accordance with the provisions of the charter of the city of Utica for the levying

and assessment for paving or repaving the streets of said city; and, in case the relators accept such offer, neither party shall recover costs of this proceeding as against the other. All concur.

Assessment complained of vacated and set aside, with $50 costs and disbursements to the relators, unless within 30 days the relators elect to accept the offer of the defendants to deduct the sum of $2,333.33 from the total cost of the improvement, in which case the assessment may be amended by deducting said sum from the total amount thereof, and, as amended, such assessment is in all things confirmed, without costs to either party as against the other. All concur.