(60 Misc. Rep. 487.)

### CITY OF NEW YORK v. NEW YORK CITY RY. CO.

(Supreme Court, Special Term, New York County.  September, 1908.)

1. STREET RAILROADS (§ 37*)—PAVING BETWEEN TRACKS.

Under Railroad Law (Laws 1890, p. 1112, c. 565) § 98, a city railroad company is required to keep in permanent repair all portions of the street between its tracks and two feet outside, and to make such repairs when the city determines to repave the street.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 37.*]

2. STREET RAILROADS (§ 37*)—REPAVING—NOTICE BY CITY.

A notice given under Railroad Law (Laws 1890, p. 1112, c. 565) § 98, to a street railroad company to repave between its tracks, and that on its default the city would pave, with a definite statement as to the extent of the repavement required, did not conclude the municipality as to the amount of repaving required, because it erroneously stated that the area was about 140 yards, when it was in fact 1,200 yards.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 37.*]

Action by the City of New York against the New York City Railway Company.  Verdict for plaintiff.  Motion to set aside verdict denied.

W. B. Ellison, Corp. Counsel, for plaintiff.

Henry A. Robinson, for defendant.

GREENBAUM, J.  The city of New York brings this action against defendant, lessee of the Metropolitan Crosstown Railway Company, to recover the amount expended in repaving with new wooden blocks that portion of West Broadway, between Canal and West Fourth streets, embraced between the tracks and within the width of two feet outside of each of the tracks of the railway operated by the defendant lessee on said street, and popularly termed the "street railway area." The right to a recovery is based upon the broad proposition that under the charter from which the defendant derived its franchise, as well as under section 98 of the railroad law (Laws 1890, p. 1112, c. 565), the defendant may be compelled, whenever the municipal authorities lawfully decide to repave the street upon which the defendant's railway is operated, to bear the burden of repaving the part of the street which it is obligated to repair; and this, irrespective of the fact that the "railway area," of the street may then have been in good repair.

It is conceded in this case that the general condition of the portion of West Broadway involved in this controversy was bad, and that the local authorities were authorized to lay down a new pavement of wood in place of the one of granite, with which it had been previously paved, and it is also conceded, for the purposes of this case, that the proofs do not warrant a finding that the street within the "railway area" was in a bad state of repair.  On June 6, 1905, a notice, partly printed and written, addressed "Metropolitan Crosstown Railway Company, New York City Railway Company, Lessee," was served upon the vice president of the defendant, to the effect that the portion of West Broadway from Dey to West Fourth street, between the tracks and rails of its tracks and two feet wide, was out of repair and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in need of pavement, and defendant was required to place and keep the same in repair under the supervision of the president of the borough of Manhattan and in such manner as he might prescribe, and in case of its neglect after the expiration of 30 days from the date of service of said notice the president of the borough would proceed to make said repairs at the defendant's expense. The said notice further apprised defendant that the city of New York was about to repave with wood block pavement the roadway of West Broadway, from Dey to West Fourth streets, in accordance with specifications which it was invited to inspect in the office of the commissioner of public works, where they were on file, or, if it desired, a copy of said specifications would be furnished defendant. The notice further advised defendant that a contract for such repavement was about to be advertised for, and that the plaintiff would include the portion of the street which defendant was bound to repair and repave, and that the approximate superficial area of such repavement required of defendant was 140 square yards. It was proved that the entire street in question was repaved with wooden blocks between each of the outside rails of defendant's railway and the curbs of the street for the entire length of West Broadway, through which the defendant's railroad runs, and that the superficial area of the portion of the "railway area" for the distance thus repaved is upward of 1,200 square yards. The cost to the city of the new wooden pavement was $3.17 per yard.

Conway v. City of Rochester, 157 N. Y. 33, 51 N. E. 395, construes section 98 of the railroad law as follows:

"The mandatory duty imposed by section 98 of the railroad law upon every street surface railroad to have and keep in repair the streets in and about its tracks includes repaving with a new material."

This construction is also recognized in Binninger v. City of New York, 177 N. Y. 199, 69 N. E. 390. The obligation under the statute is to keep in "permanent repair" that portion of the street between its tracks, the rails of its tracks, and two feet outside of its tracks, and it would therefore seem to follow that if, as the Court of Appeals holds, the repair includes repaving when the city authorities have deemed it proper to repave the street, the railroad company then becomes obligated to repave its portion of the street.

The defendant insists that under no circumstances can it be held liable for more than 140 square yards, because of the notice served upon it in attempted compliance with the statute. The notice was partly printed and partly written. It first specifically gives notice:

"That the portion of West Broadway, from Dey street to West Fourth street, between the tracks, the rails of the tracks, and two feet outside of the tracks of the street surface railroad used by you in said West Broadway is out of repair and in need of pavement. You are accordingly required to place and keep the same in repair under the supervision of the president of the borough of Manhattan, and in such manner as he may prescribe. In case of your neglect to make such pavements or repairs after the expiration of 30 days from the day of service upon you of this notice, the president of the borough of Manhattan will proceed to make the same at your expense."

Then follows a further notice calling special attention to the fact that the city of New York is about to repave "with wood block pave-

ment the roadway of West Broadway, from Dey street to West Fourth street," in accordance with certain specifications on file at a mentioned place, open to the inspection of the defendant, and of which a copy would be furnished upon request. Notice is further given that the contract for repaving was about to be advertised in accordance with the provisions of law particularly referred to. Then follows the clause:

"The portion of said West Broadway transversed or intersected by and between the aforesaid tracks, the rails of the tracks, and two feet in width outside the said tracks has a superficial area of approximately 140 square yards."

There would seem to have been no need for approximating the area, because the notice was clear and definite as to the extent of area of repavement required by the city to be done by the defendant. The first portion of the notice, which really contained the salient requirements of the statute, fully apprised the defendant of what the city desired it to do. The error in the statement of the estimate of the "railway area" of defendant's railroad or the portion of West Broadway described in the notice must have been obvious. It is manifest that the defendant could not have been misled by the figures "140," because it must be presumed to have known that its "railway area" on West Broadway, from Dey street to West Fourth street, was considerably more than 140 square yards.

It does not seem to me, in view of the comprehensive statement in the notice as to what was required of the defendant, that defendant may now successfully rest upon the obvious error of the estimate of the number of square yards written into the notice. Not the slightest effort appears to have been made by the defendant to ascertain if there was an error in the estimate, or whether the other parts of the notice requiring repaving for the entire distance was the correct one. It must have been evident from the notice, which specifically refers to the fact that the street for its entire length was to be repaved, that it was thereby intended to apprise the defendant of its obligation to repave that portion of the highway from Canal to Fourth street within the railway area. A consideration of the proofs leads me to conclude that the defendant was the sole operating company over the entire length of the line in question, and therefore it should be held liable for the full amount established as the cost of repaving, to wit, the sum of $6,506.73, together with interest. The motion to set aside the verdict heretofore directed will be denied.

Motion denied.