## SWIFT v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. October 8, 1909.)

STREET RAILROADS (§ 86*)—DEFECTS IN STREET—LIABILITIES.

Under Railroad Law (Laws 1890, p. 1112, c. 565, as amended by Laws 1892, p. 1404, c. 676) § 98, requiring street railroad companies to keep in permanent repair the street between their tracks and rails and a width of two feet outside thereof, defendant street railroad was not bound to erect lights or barriers around an excavation made in the street within two feet of the tracks by the city acting under its paramount authority or to repair a defect in the pavement caused by such excavation, and hence was not liable for injuries to plaintiff through the wheel of his vehicle going into a depression resulting from such excavation.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 183–185; Dec. Dig. § 86.*]

Appeal from Trial Term, Kings County.

Action by Thomas Swift against the Brooklyn Heights Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, BURR, and RICH, JJ.

D. A. Marsh, for appellant.
J. Arthur Hilton, for respondent.

GAYNOR, J. The plaintiff was hurt on February 3rd in the early morning darkness by the wheel of his wagon going into a depression of the pavement in a street in Brooklyn within two feet of the outer rail of the defendant's track, which was caused as follows: On January 16th the city excavated a trench in the street from the said rail to the curb to repair a water gate. It filled it up and relaid the pavement over it the same day. On January 30th it opened the trench again to do further repairs on the said water gate, and again filled it up and relaid the pavement, leaving it higher than the surrounding surface to allow for settling. The testimony is that the intention of the city's employés was to return later, as the rule or practice was, to relay the pavement permanently after the settling had become complete. On the morning of the fourth day thereafter the accident happened from the settling of the pavement meanwhile.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant was not liable. Section 98 of the railroad law (Laws 1890, p. 1112, c. 565, as amended by Laws 1892, p. 1404, c. 676), which requires street railroad companies to "keep in permanent repair" the street between their tracks and rails and a width of two feet outside thereof, does not apply to the case. The city's right to open the street and fill in and repair the opening in its own way was paramount to the defendant in all respects. The defendant had no right to super- vise the work, or do it or have it done according to its way or judg- ment, or to interfere with it at all. The case of McMahon v. Second Avenue R. Co., 75 N. Y. 231, is not applicable. There the railroad company had a contract with the city to pave the street and "keep the same in repair" within the prescribed spaces. It seems to have been held (so the opinion states, at all events) that this required the company to put up lights and barriers to protect those using the street from an excavation made by an abutting property owner in connecting his house with the street sewer, and that the fact that he had to get a permit from the city to open the street did not make a difference. The permit was merely for purposes of regulation. The difference between that case and this is that where the city did not make the ex- cavation, while here the city did. The defendant here was under no obligation by the said statute to put up lights or barriers to a work that was in the exclusive control and possession of the city under its paramount authority over the streets. It would be going too far to so construe the said statute. The case of a private individual tearing up the street is not paramount to the duty of a street railroad company to keep the street in safe condition, but incident and subordinate to it. Even if a wrongdoer, the company would have to repair any dangerous condition created by him. But the company has no such duty in re- spect of conditions created by the city in doing work in a street under its paramount authority, or to oversee the progress or method of the work of the city being done under such authority.

The judgment should be reversed.

Judgment and order reversed and new trial granted, costs to abide the event. All concur.