disclosed in this case, where, except for one series of items, which could not have seriously affected the state of the accounts of the business, the plaintiff had the same opportunities for knowledge as to the existence of profit or loss that were enjoyed by the defendant. It is perfectly evident that no competent proof was offered at the trial that any profits had been earned by the business at the time of its dissolution. All the data for ascertaining the state of the accounts were substantially admitted at the trial, except the value of the inventory. As to this, plaintiff's witness, an expert accountant, testified over objection that he had selected some sales slips, and, finding that goods had been sold at an average profit of about 50 per cent., he had estimated back the value of the inventory on the date of dissolution from the gross amount of sales ultimately realized. He concedes that this figuring is a mere estimate, and that it is based on averages. A calculation of this character cannot be made the basis for the recovery of a definite sum, as it has been in this case.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

(156 App. Div. 856.)

### CITY OF NEW YORK v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, First Department. May 29, 1913.)

STREET RAILROADS (§ 37*)—REPAIRING AND PAVING STREET OR ROADBEDS.

Under Laws 1897, c. 596, authorizing counties in which a turnpike or plank road should have been laid out and subsequently acquired by a street surface railroad corporation to acquire, by purchase or condemnation, such turnpike or plank road for the purpose of laying out or maintaining it as a public highway, subject to the corporation's existing rights, franchises, and privileges to construct and maintain a street surface railroad thereon, such a county had no power to agree, as a part of the consideration for the conveyance, that the street railroad company should not be liable for or chargeable with the expense of paving, macadamizing, or otherwise repairing any portion of the road between its tracks or elsewhere, as this would be, in effect, a repeal of Railroad Law (Laws 1890, c. 565, amended by Laws 1892, c. 676) § 98, now Consol. Laws 1910, c. 49, § 178, requiring every street surface railroad corporation, so long as it continues to use any of its tracks in any street, avenue, and public place in any city or village, to keep in permanent repair that portion of the street between its tracks and two feet in width on either side thereof; and hence, notwithstanding such an agreement in the conveyance, the corporation was liable for the expense of repaving that portion of the street.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 103, 105, 126; Dec. Dig. § 37.*]

Appeal from Trial Term, New York County.

Action by the City of New York against the Brooklyn, Queens County & Suburban Railroad Company. From a judgment sustaining a demurrer to an answer and granting the relief demanded in the complaint, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

C. A. Collin, of New York City, for appellant.
Terence Farley, of New York City, for respondent.

McLAUGHLIN, J.   Action to recover the sum of $68,739.82 which the plaintiff expended in repairing or repaving a portion of Jamaica avenue, a public street formerly in the county of Queens, but now embraced within the corporate limits of the plaintiff.

The right to recover this sum from the defendant is based upon the provisions of section 98 (now section 178) of the Railroad Law, which provides that every street surface railroad corporation, so long as it shall continue to use any of its tracks in any street, avenue, or public place in any city or village, shall keep in repair that portion of such street, avenue, or public place between its tracks and two feet in width on either side thereof; and if it fails to do so after the expiration of 30 days' notice, then the local authorities may make the repairs and charge the expense thereof to such corporation.

The defendant, while not denying that the portion of Jamaica avenue upon which the repairs were made was a public street within the corporate limits of the plaintiff, and that the amount claimed was properly expended, insists that it is not liable, since there is no legal obligation resting upon it to make the repairs.   Its claim is, in substance, that that portion of Jamaica avenue referred to in the complaint was originally owned in fee simple by the Brooklyn, Jamaica & Flatbush Turnpike Roads, a corporation duly organized under the statutes of the state of New York in March, 1809; that thereafter, by mesne conveyances, mergers, and consolidations, such right, title, and interest was vested in the defendant; that on the 16th of August, 1897, pursuant to the provisions of chapter 596 of the Laws of that year, it entered into an agreement with the county of Queens, acting through its board of supervisors, to convey said portion of Jamaica avenue for the purpose of enabling it to lay out the same as a public highway, subject, however, to the retention of the fee thereof by the defendant and to its existing rights, franchises, and privileges to maintain and operate a street surface railroad thereon; that in the maintenance and operation of such road it should "not be liable for or chargeable with the expense of paving, macadamizing or otherwise repairing or keeping in repair, any portion of said road between its tracks or elsewhere at any time hereafter," except to restore the surface of the road in case it relaid or repaired its tracks or appurtenances; that on the 16th of August, 1898, in pursuance of the agreement, it executed and delivered a deed of conveyance, the agreement being set forth at length therein; that the only consideration for the conveyance was the agreement; and that under the provisions of chapter 378 of the Laws of 1897, which took effect January 1, 1898, the county of Queens was merged into and became a part of the plaintiff, and it thereby acquired all the rights and assumed all the obligations of such county, under the provisions of said deed and agreement.

The defendant set forth the foregoing facts in its answer, to which the plaintiff demurred, on the ground that they did not constitute a de-

fense to the action. The demurrer was sustained, and the defendant appeals.

The real question presented is whether the county of Queens had the power, at the time it entered into the agreement, as a part of the consideration for the conveyance, to relieve the defendant from the obligation to repair and repave so much of the street as is here involved. If it did not have that power, then, assuming as we must that the facts pleaded are true, nevertheless they do not constitute a defense. Whatever power the county of Queens had to make the agreement was derived from chapter 596 of the Laws of 1897. This act authorized it to acquire, by purchase or condemnation, the road in question; but there is nothing in the act to indicate that the Legislature, while conferring this power upon the county, acting through its board of supervisors, thereby intended to relieve the defendant from the operation of section 98 of the Railroad Law, which specifically provides that "every street surface railroad corporation, so long as it shall continue to use any of its tracks in any street, avenue or public place in any city or village, shall have and keep in permanent repair that portion of such street" between its tracks and two feet in width on either side thereof. The act ought not to be construed as giving the exemption, in the absence of specific words showing that such power was intended to be conveyed.

In Weed v. Common Council, 26 Misc. Rep. 208, 56 N. Y. Supp. 105, affirmed sub nom. Davidge v. Common Council, 62 App. Div. 525, 71 N. Y. Supp. 282, it was held that the common council had no power to exempt a street railroad company by contract or otherwise from the provisions of the Railroad Law, and this seems to be clearly intimated in Conway v. City of Rochester, 157 N. Y. 33, 51 N. E. 395, where Chief Judge Parker, referring to section 98, said:

"It will next be observed that the party charged with the performance of the duty is specifically pointed out. The street surface railroad corporation continuing to use any of its tracks 'shall,' says the statute, 'keep in permanent repair' such portion of the street. This language is mandatory. The municipal authorities are given no authority to relieve the railroad corporation of the whole or any portion of the needed repairs, or to impose the whole or any portion of the cost upon the abutting owners or the city at large."

To hold that the county of Queens had the power to do what the appellant claims is, in effect, to hold it could, by contract, repeal section 98 of the Railroad Law, so far as it imposed upon street surface railroad companies lying within the county the duty of sharing the expenses of paving public streets. This ought not to be done, certainly in the absence of clear and specific enactment. Village of Mechanicville v. S. & M. St. R. Co., 35 Misc. Rep. 513, 71 N. Y. Supp. 1102, affirmed 67 App. Div. 628, 74 N. Y. Supp. 1149; Id., 174 N. Y. 507, 66 N. E. 1117.

It is urged by the respondent that the provision in the deed relieving the railroad company from the expense of paving and keeping in repair the street was not for the purpose of exempting defendant from sharing its portion of the burden of taxation applicable to street surface railroads, but was a part of the consideration for the conveyance.

This is more plausible than sound. No matter what may be said, the purpose of it was to thereafter prevent the railroad coming within the provisions of section 98 of the Railroad Law, which required it to keep a portion of the street in repair. The deed expressly recited that the consideration was "the sum of one dollar."

Attention is called to authorities involving contracts whereby cities and villages have agreed, in consideration of water to be furnished to them by water companies, to pay a certain proportion of the taxes levied upon the companies, and that it has been held that such contracts were not illegal. Utica Water Works Co. v. City of Utica, 31 Hun, 426; Grant v. Davenport, 36 Iowa, 396; Cartersville I. G. & W. Co. v. Cartersville, 89 Ga. 683, 16 S. E. 25; Maine Water Co. v. City of Waterville, 93 Me. 586, 45 Atl. 830, 49 L. R. A. 294. But the contracts in these cases were sustained, not on the theory of an exemption to pay taxes, but on the ground that the municipalities agreed to compensate the water companies for services to be performed each year by the payment of a certain sum proportionate to the amount of the taxes levied against the companies for that year.

These authorities are not controlling, nor do I think them applicable to the question here under review. It may be, if the defendant is subject to the provisions of section 98 of the Railroad Law and compelled to repave the street as therein provided, that the consideration of the agreement for the conveyance, at least to that extent, fails; but, if so, the defendant has its remedy, but not in this action. So long as it operates its railroad, unless relieved by the Legislature, it must repair the surface of the street between its tracks and two feet on either side of it; and if it does not do that, when required by the plaintiff, then it must pay the expense to which the plaintiff is put in doing it.

The judgment appealed from, therefore, is affirmed, with costs. All concur.