OLAF JORGANSBORG, Appellant, v. LUMBER OPERATING AND MANU-FACTURING COMPANY, Respondent.— Judgment unanimously affirmed, without costs. No opinion. Present — Jenks, P. J., Thomas, Mills, Rich and Putnam, JJ.

LEA LEWIS, Appellant, v. THE CITY OF NEW YORK and BROOKLYN HEIGHTS RAILROAD COMPANY, Respondents.— Where the municipality opens a street line, like Tompkins avenue, to lay a sewer, and removes the car tracks to excavate during the work, the street railroad company which had previously maintained the pavement under section 178 of the Railroad Law,* is not liable for the condition of the pavement while the city carries on the work. (*Swift* v. *Brooklyn Heights R. R. Co.*, 134 App. Div. 134.) Here, however, the railroad company had relaid its tracks, and it did not appear that at this place the city was continuing its filling or grading. The requirement of prior notice of the existence of a defect in order to charge the municipality applies to defects arising from acts of third persons, or from wear and tear. There is not such a prerequisite to liability of the city from surface conditions left in a street after excavations made by the city's contractors, conducted under its supervision. (*Brusso* v. *City of Buffalo*, 90 N. Y. 679.) The complaint having been dismissed at the close of plaintiff's proofs, the relations between the defendants are not clearly shown, but sufficient appeared to put on them the *onus* of showing that this hole at the crosswalk, close to the rails, had existed without any negligence by such defendant. (*Wilson* v. *City of Watertown*, 3 Hun, 508; *Dale* v. *City of Syracuse*, 71 id. 449; *Hoyer* v. *Village of North Tonawanda*, 79 id. 39.) Judgments reversed and new trial granted, with costs to plaintiff to abide the event. Jenks, P. J., Thomas, Mills, Rich and Putnam, JJ., concurred.

NICHOLAS D. MAGRATH, Respondent, v. THE CITY OF NEW YORK, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event, unless within twenty days plaintiff stipulate to reduce the recovery of damages to the sum of $15,000; in which event the judgment as so modified and the order are unanimously affirmed, without costs. Jenks, P. J., Thomas, Stapleton, Putnam and Blackmar, JJ., concurred.

---

* See Consol. Laws, chap. 49 (Laws of 1910, chap. 481), § 178, as amd. by Laws of 1912, chap. 368.— [REP.