THE CITY OF NEW YORK, Respondent, *v.* BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

First Department, May 29, 1919.

Pleading — denial of legal conclusion drawn from facts insufficient — practice — motion for direction of verdict before any testimony has been given — appeal — irregular practice ignored — railroads — liability of street railroad company for failure to repair pavement between and outside of its tracks after excavation for construction of sewer and repavement by city — action by city against railroad company to recover cost of repavement — allegations not constituting defense — when courts will review action of local authorities in directing railroad company to repair pavement between and outside of tracks.

A denial of the legal conclusions drawn from the facts alleged in the complaint is insufficient.

It is irregular practice to move for the direction of a verdict after one juror has been sworn and placed in the jury box but before any testimony

has been given. The proper practice under such circumstances is to move for judgment on the pleadings.

Where such an irregularity is not urged on appeal by the defendant it may be ignored.

Where after a city excavated a portion of a street for the purpose of constructing a sewer and compelled a street surface railroad company to remove its tracks, the pavement was restored by the city or its contractors and thereafter the city, after notifying the railroad company of defects in the pavement and requesting it to repave, did the work itself, it may, under section 178 of the Railroad Law, recover for the fair and reasonable cost of the work.

In an action by the city against the railroad company to recover for the cost of repaving the street, allegations that the pavement became out of repair because it was replaced before the subsurface condition of the street had become stable or normal, that the repaving thereof is part of the permanent repairing following the construction of the sewer, and that it was a part of a public improvement to which the defendant was not obligated to contribute, do not constitute a defense.

The supervision over the pavements and the authority to decide when the railroad company should make repairs is vested by statute in the local authorities and the courts should only review this action when fraud or an abuse of discretion is shown.

SMITH and PHILBIN, JJ., dissented.

APPEAL by the defendant, Brooklyn Heights Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of January, 1919, upon the verdict of a jury rendered by direction of the court.

*Charles L. Woody* of counsel [*George D. Yeomans*, attorney], for the appellant.

*John F. O'Brien* of counsel [*Terence Farley* and *Harold N. Whitehouse* with him on the brief; *William P. Burr, Corporation Counsel*], for the respondent.

PAGE, J.:

The action was brought to recover for the expense of repaving Graham avenue between Conselyea street and Richardson street in the borough of Brooklyn between the tracks, the rails of the tracks and two feet in width outside of the tracks of the street surface railroad maintained and operated by the defendant upon said street.

The facts as they appear from the pleadings were that

in 1914 the city excavated this portion of Graham avenue for the purpose of putting in a sewer and compelled the defendant to remove its tracks. After the excavation was completed on or about the 1st of November, 1914, the pavement was temporarily restored, and on or about the 26th day of October, 1915, the city or its contractors commenced to repave and completed the same on or about November 18, 1915. On or about the 22d day of May, 1916, the city authorities notified the defendant that the pavement on Graham avenue between the tracks, the rails of the tracks and two feet in width outside of the tracks was out of repair and needed repavement, and the defendant was by such notice required to repave the same under the supervision of the president of the borough of Brooklyn, and the defendant was further notified that in case of its neglect to make such repairs after the expiration of twenty days from the date of service upon it of said notice, the president of the borough of Brooklyn would proceed to make the same at its expense; that the defendant wholly neglected, failed and refused to make said repairs, and after the expiration of twenty days the president of the borough of Brooklyn caused the same to be repaved and the plaintiff was compelled to pay and did pay the sum of $1,069.39 for such repavement which was a fair and reasonable cost for the said work.

The answer first denies each and every allegation of the plaintiff's complaint in so far as the same alleges or attempts to allege that the defendant was obligated to repave or repair the pavements or to pay to the city the costs to the city for paving, repaving or repairing the pavements between its tracks and two feet on each side thereof, and sets up as a first separate defense the facts showing that the city had removed the pavement, excavated for and constructed a sewer and replaced the pavement, and that the reason that the same had become out of repair was that the pavement was replaced before the sub-surface condition of said street had become stable or normal and the repaving thereof is part of the permanent repairing following the construction of the sewer, and that it was a part of a public improvement to which the defendant was not obligated to contribute.

There was also a second defense that a prior action was

pending in which the plaintiff seeks to recover from the defendant therein the cost of repaving following the construction of the said sewer. This latter defense the defendant conceded at the trial did not constitute a defense. The attempted denial in the answer was insufficient. It was not a denial of the facts alleged in the complaint but of the legal conclusion drawn from the facts.

The jury, consisting of one man, was sworn and placed in the jury box. The plaintiff then moved to strike out the first separate defense on the ground that it was insufficient in law. After argument the motion was granted and a motion made for a direction of the verdict in favor of the city, which motion was granted and a verdict rendered for the amount claimed in the complaint. This practice was entirely irregular; as there was no testimony given there should have been no direction of a verdict. The proper motion to have been made was for judgment on the pleadings, but inasmuch as the defendant does not urge the irregularity of this proceeding we can ignore it.

To my mind it is very clear that there was no defense presented by the answer. Section 178 of the Railroad Law (Consol. Laws, chap. 49 [Laws of 1910, chap. 481], as amd. by Laws of 1912, chap. 368) reads as follows:

" § 178. Repair of streets; rate of speed; removal of ice and snow. Every street surface railroad corporation, so long as it shall continue to use or maintain any of its tracks in any street, avenue or public place in any city or village, shall have and keep in permanent repair that portion of such street, avenue or public place between its tracks, the rails of its tracks, and two feet in width outside of its tracks, under the supervision of the proper local authorities, and whenever required by them to do so, and in such manner as they may prescribe. In case of the neglect of any corporation to make pavements or repairs after the expiration of twenty days' notice to do so, the local authorities may make the same at the expense of such corporation.  *  *  *."

We have recently affirmed a decision holding that the restoration of pavement under similar circumstances after the excavation for a sewer was an expense to be borne by the city and not considered as a repair to the street. (*City of*

*New York* v. *Whitridge,* 187 App. Div. 882.)   In the present case the city had restored the pavement and the same thereafter became in disrepair.   In my opinion it was not intended that the court should go back of the conditions that were found to exist in a permanent pavement to ascertain the responsibility for the condition which required repairing. The supervision over the pavements and the authority to decide when the railroad company should make repairs is vested by statute in the local authorities and the courts should only review this action when fraud or an abuse of discretion is shown.

The cases relied upon by the appellant are not in point. In the case of *Swift* v. *Brooklyn Heights Railroad Co.* (134 App. Div. 134) the city had excavated a trench in the street extending from the rail of the track to the curb.   It filled up the trench and relaid the pavement over it the same day. Fourteen days later it opened the trench again to do further repairs and again filled it up and relaid the pavement, leaving it higher than the surrounding surface to allow for settling. The testimony was that the city employees were to return later and relay the pavement permanently after the settling had become complete.   On the morning of the fourth day thereafter a wheel of a wagon driven by plaintiff dropped into a depression in the pavement within the space of two feet of the outer rail of the defendant's tracks and caused an injury to the plaintiff.   It was held in that case that the railroad company was not liable because: " The city's right to open the street and fill in and repair the opening in its own way was paramount to the defendant in all respects. The defendant had no right to supervise the work, or do it or have it done according to its way or judgment, or to interfere with it at all."   That case, therefore, is an authority merely for the proposition that the railroad company is not liable for injuries sustained through the negligence, if any there was, in the repairs which were being conducted by the city, for it is evident that until the pavement was replaced in permanent form the city was still engaged in the work of repair.   In the case of *Snell* v. *Rochester Railway Co.* (64 Hun, 476) the depression between the tracks which caused the accident did not consist in a want of repair but

was a part of original construction for which the city alone was responsible and which the company was not at liberty to alter. It followed, therefore, that the company was not liable for the injuries to a third person driving into the depression.

These cases are clearly not authorities for the defendant. Here it is not a question of injuries happening to third persons by reason of any defect in the condition of the street but the liability of the defendant to carry out the obligation imposed upon it by statute where all the necessary statutory steps had been taken by the local authorities to compel the performance of the required act, and the defendant has failed to comply therewith.

The judgment should be affirmed, with costs.

CLARKE, P. J. and DOWLING, J., concurred; SMITH and PHILBIN, JJ., dissented.

Judgment affirmed, with costs.