THE CITY OF NEW YORK, Appellant, v. FREDERICK W. WHITRIDGE, as Receiver of the DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Respondent.

**Street railroads — Railroad Law — construction and application of section 178.**

Under the provisions of the Railroad Law (Cons. Laws, ch. 49, § 178) a city which has removed a street pavement in order to make a sewer improvement may require a street railroad, running through the street, to restore the pavement between its tracks and for a space of two feet outside thereof.

*City of New York* v, *Whitridge,* 187 App. Div. 882, reversed.

(Argued October 14, 1919; decided October 24, 1919.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 21, 1919, unanimously affirming a judgment in favor of defendant entered upon an order of Special Term sustaining a demurrer to and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William P. Burr, Corporation Counsel (John F. O'Brien* and *Harold N. Whitehouse* of counsel), for appellant. The financial responsibility for restoring the pavement

after the completion of repairs to the sewer rested upon defendant. (L. 1884, ch. 252, § 9; Cons. Laws, ch. 49, § 178; *Conway* v. *City of Rochester*, 157 N. Y. 33; *Mayor, etc., of N. Y.* v. *H. B., M. & F. Ry. Co.*, 186 N. Y. 304; *Hayes* v. *Brooklyn H. R. R. Co.*, 200 N. Y. 183, 186; *Matter of Uvalde Cont. Co.*, 219 N. Y. 287; *Mayor* v. *Broadway R. Co.*, 130 App. Div. 834; *City of N. Y.* v. *N. Y. City Ry. Co.*, 132 App. Div. 156; *City of N. Y.* v. *Brooklyn, Q. C. & S. Ry. Co.*, 156 App. Div. 860; *City of N. Y.* v. *Linch*, 161 App. Div. 292; *Village of Mechanicville* v. *S. & M. S. Ry. Co.*, 35 Misc. Rep. 513; 174 N. Y. 507; *Malone* v. *Spuyten Duyvil*, 65 Misc. Rep. 370; *Weed* v. *Common Council*, 26 Misc. Rep. 208.)

*Herbert J. Bickford* for respondent. The defendant's liability, if any, depends wholly upon section 178 of the Railroad Law. (*Mayor* v. *N. Y. & Harlem R. Co.*, 46 N. Y. S. R. 349; 139 N. Y. 643; *Mayor* v. *Bleecker St. & F. F. R. Co.*, 130 App. Div. 830; *Mayor, etc.,* v. *Eighth Ave. R. Co.*, 7 App. Div. 84; *Dry Dock, E. B. & B. Ry. Co.* v. *Mayor, etc.*, 55 Barb. 298; *Matter of Deering*, 93 N. Y. 361; *Brooklyn El. R. Co.* v. *City of Brooklyn*, 2 App. Div. 98; *N. O. Gas Light Co.* v. *Drainage Comm.*, 197 U. S. 453; *Stern* v. *International Ry. Co.*, 220 N. Y. 284; *Chace Trucking Co.* v. *Richmond L. & R. Co.*, 225 N. Y. 435.) Section 178 of the Railroad Law relates only to repairs of pavements in the railroad area, and does not require street surface railroad companies to remove them for the sole purpose of enabling local authorities to construct public works, or to restore them when such works are finished. (*People ex rel. B. & L. E. Traction Co.* v. *Tax Comrs.*, 209 N. Y. 496; *City of New York* v. *New York Railways Co.*, 183 App. Div. 896; *Guaranty Trust Co.* v. *Second Ave. R. Co.*, N. Y. L. J. Nov. 21, 1916; *Creem Co.* v. *City of New York*, 188 App. Div. 169; *City of New York* v. *Brooklyn Heights R. Co.*, 188 App. Div. 131; *Lewis* v. *City of New York*, 178 App. Div.

929; *Swift* v. *Brooklyn Heights R. Co.*, 134 App. Div. 134; *People ex rel. T. A. R. R. Co.* v. *Newton*, 112 N. Y. 396.)

POUND, J.  The only question argued on this appeal is whether the city, after having removed a street pavement in order to make a sewer improvement, may under the provisions of section 178 of the Railroad Law (Cons. Laws, ch. 49) require the defendant street railroad to restore the pavement between its tracks and for a space of two feet outside thereof.

The language of the statute is broad:

" Every street surface railroad corporation, so long as it shall continue to use or maintain any of its tracks in any street, avenue or public place in any city or village, shall have and keep in permanent repair that portion of such street, avenue or public place between its tracks, the rails of its tracks, and two feet in width outside of its tracks, under the supervision of the proper local authorities, and whenever required by them to do so, and in such manner as they may prescribe.  In case of the neglect of any corporation to make pavements or repairs after the expiration of twenty days' notice to do so, the local authorities may make the same at the expense of such corporation,   *   *   *."

It has been held repeatedly that the local authorities are vested with the power to determine when and how the repairs should be made at the expense of the street railroad corporation, even to the extent of requiring a new pavement to be laid.  (*Mayor, etc., of New York* v. *Harlem Bridge, M. & F. Ry. Co.*, 186 N. Y. 304.) " The duty of keeping such portion of the streets in permanent repair (by the railroad company)   *   *   *   is commanded." (*Conway* v. *City of Rochester*, 157 N. Y. 33, 38.)  It is a duty imposed for the pecuniary benefit of the municipality.  No exemption from any burden of repavement is suggested by the language of the statute as thus construed.

The courts below have reached the conclusion that the statute should now be read with a proviso to the effect that the duty of repaving is limited to the restoration of pavements following surface improvements and that it has no application to the necessary restoration of the pavement following a sewer improvement. Much might be said on the policy of thus limiting the application of the statute, but the argument directs itself to the legislature rather than the court. The distinction drawn between surface improvements and sub-surface improvements rests, not on the language of the statute, but on the theory that " the legislature could not have intended that the statute should cover any case where the repairs are made necessary by the direct, even though lawful interference of the city with the street surface." The legislative intent is found in the legislative language which, as this court has had occasion to say, unqualifiedly commands. The duty is not dependent upon conditions that the railroad creates, such as the interference with the surface of the highway due to the presence of the railroad tracks in the street. The language of the first sentence of section 178 includes every repavement, " and that it was thus used advisedly is further evidenced by the very next sentence, which provides that ' in case of the neglect of any corporation to *make pavements* * * * the local authorities may make the same at the expense of such corporation.' " (*Conway* v. *City of Rochester,* 157 N. Y. 33, 41.)

The judgments should be reversed and the demurrer overruled, with costs in all courts, with leave to defendant to answer, at any time within twenty days, on payment of costs.

CHASE, COLLIN, CARDOZO, CRANE and ANDREWS, JJ., concur; HISCOCK, Ch. J., not voting.

Judgments reversed, etc.