EDWARD C. McCAFFREY, Respondent, v. PAUL N. ROSENTHAL and Others, Defendants; DONALD DURANT, FRANCIS L. HIGGINSON, JR., N. PENROSE HALLOWELL, EDWARD N. JESSUP, GEORGE C. LEE, JEROME D. GREENE, JAMES NOWELL, CHARLES E. COTTING, EDWARD H. OSGOOD, CHARLES H. SCHWEPPE, BARRETT WENDELL, JR., and WILLIAM McCORMICK BLAIR, Appellants.— Action for damages for fraud and deceit in connection with the alleged inducing of plaintiff's assignor to purchase certain securities. Order granting plaintiff's motion for examination before trial affirmed, with fifty dollars costs and disbursements. ( Nixon v. Beacon Transp. Corp., 239 App. Div. 830; Freisinger v. Reibach, 254 id. 575; Knox v. Stralem, 247 id. 736.) The examination will proceed on five days' notice. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

WALTER R. McCARTHY, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— In an action to recover damages for personal injuries sustained as the result of stepping into a depression in a pavement at a crosswalk between the tracks of defendant, judgment for plaintiff unanimously affirmed, with costs. The proof is conclusive that the defect was the gradual result of the sinking of the granite block, due to faulty repavement by the city of New York after it had excavated for the purpose of installing traffic lights. The sole point of appellant is that section 178 of the Railroad Law does not impose liability upon the defendant for such defect. The obligation of the defendant under the statute, to keep the given area in permanent repair, is unlimited (City of New York v. Whitridge, 227 N. Y. 180) except as to the making of pavements or repairs over " openings " made by other persons, municipalities or corporations. (Laws of 1921, chap. 433.) In our opinion, the defect in question was not an " opening " within the meaning of the statute. The city had completed repavement more than five months prior to the happening of the accident and the obligation of defendant thereupon reattached. (City of New York v. Brooklyn Heights R. R. Co., 188 App. Div. 131.) The purpose of the statute seems to be to charge the defendant with sole responsibility for maintenance, irrespective of the source of defects. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.